J-S63004-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STANLEY ALAN DAVIS JR., | |
| Appellant | No. 855 MDA 2014 |

Appeal from the PCRA Order February 6, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000356-2012

BEFORE:  BOWES, PANELLA, and PLATT,[*] JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 07, 2014**

Stanley Alan Davis Jr. appeals from the February 6, 2014 order denying him PCRA relief.  Counsel has filed a petition to withdraw.  We grant that petition and affirm.

On December 17, 2011, Appellant was charged with homicide and carrying a prohibited offensive weapon, based upon the following events.  At 8:40 p.m. the previous evening, Wilkes-Barre police officers were dispatched to 16 Sterling Street after police received a report that someone had been shot in the stomach.  They were met at the door of that residence by Shu-Qlyra Al'asia, who was the daughter of Carlotta Springer-Howard, the victim.

_____

[*]  Retired Senior Judge assigned to the Superior Court.

Ms. Al'asia reported that her mother was upstairs with a gunshot wound, which proved fatal.

Police proceeded upstairs, where they encountered the victim's son, Fred Lassiter. Mr. Lassiter witnessed the incident and told police that his mother was shot by a man named Stanley. Mr. Lassiter, who was on the telephone with the police dispatcher, reported that Stanley and Ms. Springer-Howard were arguing and, when the victim told Stanley to leave, he kicked her and shot her with a shotgun. Mr. Lassiter provided a detailed description of the perpetrator and the clothing that he was wearing as well as a description of his vehicle, a white work van with a rack on top containing step ladders.

Immediately after the broadcast of the vehicle's description, Wilkes-Barre Police Officer Kenneth Jones spotted a white van with a rack of ladders on top of it about six blocks away from the crime scene. Officer Jones stopped the van, and Appellant exited it. Officer Jones told Appellant to place his hands in the air, and Appellant complied. At that point, the officer received a detailed description of the perpetrator, which Appellant matched. Appellant was arrested, and a shotgun, which was in plain view, was seized from the van. After being given **Miranda** warnings, Appellant admitted that he shot the victim.

After Appellant litigated an unsuccessful suppression motion, he tendered a negotiated guilty plea on June 11, 2012, to third-degree murder and possession of a prohibited offensive weapon. The agreed-upon sentence

was twenty to forty years imprisonment for third-degree murder, but there was no agreement as to the sentence that could be imposed on the weapons charge. N.T., 6/11/12, at 5. The court conducted an extensive colloquy, and Appellant also executed a written guilty plea colloquy. On September 5, 2012, Appellant was sentenced to twenty to forty years imprisonment for third-degree murder with a consecutive sentence of five years probation for possession of a prohibited offensive weapon.

Appellant did not file a direct appeal, but did file a timely PCRA petition. Counsel was appointed. On December 13, 2013, counsel filed a no-merit letter indicating that Appellant's claim was that his sentence on the murder charge should have been reduced because he was intoxicated when he committed the crime. Counsel was permitted to withdraw on December 20, 2013, and the PCRA Court independently concluded that the issue raised was meritless. It also reviewed the record and noted that the plea colloquy was unassailable and that a negotiated sentence was imposed on the murder offense.

On January 13, 2014, the PCRA court issued notice of its intent to dismiss the PCRA petition without a hearing. It thereafter dismissed the petition on February 6, 2014. On February 24, 2014, the PCRA court received a *pro se* request for the appointment of a different lawyer and that request was granted. This timely appeal ensued.

Initially, we note that appellate counsel has petitioned this Court to withdraw pursuant to the mandates of **Commonwealth v. Turner**, 544

A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). These cases govern the procedure for withdrawal of court-appointed counsel for purposes of post-conviction proceedings. "Independent review of the record by competent counsel is required before withdrawal is permitted" in the PCRA setting. **Commonwealth v. Widgins**, 29 A.3d 816, 817 (Pa.Super. 2011) (quoting **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009)). That independent review requires:

> 1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;
>
> 4) The . . . court conducting its own independent review of the record; and
>
> 5) The . . . court agreeing with counsel that the petition was meritless.

**Widgins**, *supra* at 818 (quoting **Pitts**, *supra* at 876 n.1). In addition,

> In **Commonwealth v. Friend**, 896 A.2d 607 (Pa.Super. 2006), [abrogated on other grounds by **Pitts**, *supra*.] this Court had imposed an additional requirement for counsel seeking to withdraw in collateral proceedings:
>
> > . . . .[W]e here announce a further prerequisite which must hereafter attend an application by counsel to withdraw from representing a PCRA petitioner, namely, **that PCRA counsel who seeks to withdraw must contemporaneously serve a copy on the petitioner of counsel's application**

> **to withdraw as counsel, and must supply to the petitioner both a copy of the "no-merit" letter and a statement advising the petitioner that, in the event that the court grants the application of counsel to withdraw, he or she has the right to proceed *pro se* or with the assistance of privately retained counsel.**

*Id.* at 614 (emphasis in original).

*Widgins*, *supra* at 818. This additional requirement, which has not been abrogated by our Supreme Court, is still applied by the Superior Court. *Id.*; *see also Commonwealth v. Rykard*, 55 A.3d 1177 (Pa.Super. 2012).

Herein, counsel filed a no-merit brief and petition to withdraw. In the petition, counsel averred that he reviewed the record and concluded that no meritorious issue exists. Appellant attached a letter addressed to Appellant to his petition to withdraw. With that letter, counsel enclosed a copy of the petition and brief and advised Appellant that, in light of counsel's belief that there were no meritorious issues to argue on appeal, Appellant was "free to hire private counsel, or proceed pro se and file your own brief in this matter." Petition to Withdraw, 7/22/14, Exhibit 1. In his no-merit brief, counsel offers his rationale for concluding that the issue Appellant seeks to raise is meritless. Hence, counsel has complied with the withdrawal requirements applicable to him.

We now review the merits of the sole contention raised on appeal, "Whether the Court erred in failing to consider Appellant's intoxication at the time the crime was committed and thus, should have reduced his sentence of

20 to 40 years incarceration." Appellant's brief at 1. This contention relates to the discretionary aspects of a sentence since Appellant maintains that a fact should have been considered in mitigation of the sentence imposed. However, if a defendant enters a negotiated guilty plea to an offense in exchange for a specific sentence, and if that sentence is subsequently imposed, a defendant is precluded from challenging the discretionary aspects of that sentence. ***Commonwealth v. Reichle***, 589 A.2d 1140 (Pa.Super. 1991). Herein, there was a negotiated sentence of twenty to forty years in jail for the third-degree murder offense, and that sentence was imposed. Hence, we agree that Appellant cannot obtain relief on this basis. We also have conducted an independent review of the entire record and agree with counsel's assessment that there are no meritorious challenges to the plea or sentence. Hence, we grant the petition to withdraw and affirm.

Petition to withdraw filed by Matthew P. Kelly, Esquire, is granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2014