J-S73007-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID PRICE, | |
| Appellant | No. 781 MDA 2014 |

Appeal from the Judgment of Sentence March 18, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-002357-2012

BEFORE:  BOWES, WECHT, and MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 04, 2014**

David Price appeals from the judgment of sentence of twenty-two to sixty months imprisonment that the trial court imposed after Appellant pled guilty to robbery.  Appellate counsel has filed a petition seeking to withdraw her representation and a brief pursuant to ***Anders v. California****, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago****, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.  We grant the petition to withdraw and affirm.

On January 9, 2012, Appellant committed an armed robbery at an Econo Lodge in Amity Township, Berks County.  Tiffany Smith was working as a clerk when Appellant approached her, asked about rates, and left.  Appellant then returned with a weapon.  Acting in conformity with Appellant's demands, Ms. Smith gave Appellant the drawer from Econo

Lodge's cash register and her money and identification. Appellant was apprehended after police viewed surveillance footage taken of the incident. On May 14, 2012, Appellant was charged with robbery graded as a first-degree felony, robbery graded as a second-degree felony, simple assault, theft, and receiving stolen property.

Appellant initially entered a guilty plea to robbery graded as a first-degree felony in exchange for a sentence of imprisonment of twenty-two to sixty months with boot camp eligibility. The court sentenced in accordance with that arrangement, but Appellant subsequently discovered that he was not eligible for boot camp due to the fact that the robbery in question was graded as a first-degree felony. 61 Pa.C.S. § 3903 (rendering someone convicted of first-degree felony robbery unable to participate in motivational boot camp).

Appellant petitioned to file a motion to withdraw his guilty plea *nunc pro tunc*. On March 18, 2014, that motion was granted, the court permitted Appellant to withdraw his guilty plea, and Appellant entered a second guilty plea to robbery graded as a second-degree felony. At that proceeding, Appellant admitted that on January 9, 2012, while in the course of committing a theft, he threatened Tiffany Smith with a firearm or a replica firearm and placed Ms. Smith in fear of immediate serious bodily injury.

Then, Appellant and the Commonwealth both specifically requested that the same sentence of twenty-two to sixty months imprisonment, which

exceeded the applicable guideline ranges, be imposed. Specifically, the Commonwealth stated, "The plea agreement calls for a sentence of 22 to 60 months in a state correctional institute, which is outside the guidelines entirely." N.T. Plea, 3/18/04, at 7. The district attorney continued that the sentence was appropriate because the Commonwealth had agreed that Appellant could plead guilty to a second-degree rather than a first-degree felony. It also observed that the crime carried "a gun mandatory of five years that the Commonwealth [had] agreed not to seek." *Id*. The prosecutor maintained that, even though the negotiated sentence exceeded the applicable guideline ranges, it was "appropriate under the circumstances." *Id*.

Appellant's counsel agreed with these assertions and specifically asked the court to "go along with [the district attorney's] statement." *Id.* Defense counsel reported that the twenty-two to sixty-month sentence was "basically what we had agreed to the first time." *Id*. Counsel represented that it was out of character for Appellant to commit an armed robbery and concurred that the "District Attorney's Office [had been] willing to drop the mandatory in this case based upon affidavits and letters written to the DA by people on [Appellant's] behalf." *Id*.

Accordingly, on March 18, 2014, Appellant received a sentence of twenty-two to sixty months incarceration with boot camp eligibility as well as credit for time served. Appellant filed an untimely *pro se* motion to modify

his sentence and complained that it was excessive. He also filed the within appeal, but counsel filed the appellate brief.

Before we address the question raised on appeal, we first must resolve appellate counsel's request to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id*. at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Counsel's petition to withdraw sets forth the following. Counsel reviewed the record as well as pertinent legal authority and believed that there are no non-frivolous issues to be raised on appeal. Counsel notified Appellant of her request to withdraw and forwarded to Appellant a copy of the brief as well as the petition to withdraw. Counsel sent a letter to Appellant advising him of his right to submit on his own behalf additional arguments or comments and of his right to retain new counsel to pursue this appeal. Thus, counsel satisfied the procedural requirements for withdrawal.

We now examine whether the brief comports with the Supreme Court's dictates in *Santiago*, *supra*, which provides that

> in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Cartrette*, *supra* at 1032 (quoting *Santiago*, *supra* at 361).

Counsel's brief is compliant with *Santiago*. It sets forth the factual and procedural history of this case and establishes why Appellant's issue lacks merit. Applicable legal authority is provided. We now examine the merits of the issue raised and, after reviewing that contention, we will independently review the record in order to determine if counsel's assessment of the frivolity of the present appeal is correct. *Cartrette*, *supra*. Appellant raises one issue for our review:

> Whether Price's sentence of 22 months – 60 months in a state correctional institution was manifestly excessive, clearly unreasonable, and contrary to the fundamental norms underlying the Sentencing Code, where (1) the court imposed a sentence beyond the aggravated guideline range without stating sufficient reasons on the record for the upward deviation and (2) the court did not consider mitigating factors including the absence of a prior criminal record, cooperation with authority upon arrest, demonstrating remorse for the crime committed, no misconduct during incarceration and gainful employment available upon release from incarceration, all in violation of 42 Pa.C.S.A. § 9721(b)?

Appellant's brief at 5.

These averments all relate to the discretionary aspects of the sentence. As appellate counsel notes, Appellant and the Commonwealth agreed that Appellant would be sentenced to twenty-two to sixty months incarceration. Since Appellant entered a negotiated guilty plea to a sentence that did not exceed the lawful maximum and since he was sentenced in accordance with the plea, he cannot challenge the discretionary aspects of the sentence imposed. *Commonwealth v. Reichle*, 589 A.2d 1140 (Pa.Super. 1991).

We also observe that the issue in question was not preserved since it was not raised at sentencing or in a post-sentence motion. While Appellant did file an untimely *pro se* motion to modify his sentence, Appellant was represented when the motion was filed. Hence, the *pro se* motion to modify the sentence was a legal nullity, and it did not operate to preserve his discretionary sentencing claims. *Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa.Super. 2007).

We also have conducted an independent review of the record and agree with counsel's assessment that there are no preserved challenges to the plea or sentence. Hence, we concur with counsel's assessment that the issue is wholly frivolous, grant the petition to withdraw, and affirm.

Petition of Amy J. Shaffer, Esquire, to withdraw as counsel is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/4/2014