J. S69020/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DAQUASIA K. RANSOME, | : | No. 3411 EDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, October 30, 2013,
in the Court of Common Pleas of Lehigh County
Criminal Division at Nos. CP-39-CR-0000274-2012,
CP-39-CR-0000436-2012, CP-39-CR-0000438-2012

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND STABILE, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED JANUARY 16, 2015**

Appellant, Daquasia K. Ransome, appeals from the judgment of sentence entered on October 30, 2013, in the Court of Common Pleas of Lehigh County.  Appointed counsel, Sean T. Poll, Esq., has filed a petition to withdraw accompanied by an ***Anders*** brief.[1]  We grant counsel's withdrawal petition and affirm.

The facts of this matter, as aptly summarized by the trial court, are as follows:

> On December 22, 2011, members of the Whitehall Police Department responded to Macy's Department Store, located at the Lehigh Valley Mall, Whitehall, Lehigh County, Pennsylvania for the report of a retail theft.  Members of the loss

---

[1] ***See Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).

prevention department had observed a female actor, later identified as [appellant], select items of clothing offered for sale while carrying what appeared to be an empty purse. They observed [appellant] take those items to a fitting room and later exit the fitting room without any clothing in hand and the purse visibly filled. She then exited the store, passing all points of sale without rendering payment. She was stopped by loss prevention and the items were recovered, totaling $840.40.

From September 28, 2012 through October 2, 2012, [appellant] had access to Marcia Leishman's computer and used Ms. Leishman's Visa Debit account to make unauthorized online purchases, including ordering pizza from Domino's and to pay for a room at the Staybridge Suites, located on Airport Road, Allentown, Lehigh County, Pennsylvania. [] Appellant also used Ms. Leishman's credit card to reserve a room at the Homewood Suites in Allentown, Lehigh County, Pennsylvania. The total value of all purchases made without authorization was $1,125.00.

On October 3, 2012, shortly after 2 p.m., [appellant] and her co-defendants, Denisse Guzman and Angel Gil, were in the area of Jefferson Elementary School, in Emmaus, Lehigh County, Pennsylvania. Mr. Gil had driven [appellant] and Ms. Guzman in his sand-colored car. While in the area, [appellant] saw a 16 year old female, later identified as K.D., and directed Mr. Gil to pull the vehicle over. Mr. Gil backed the car into an alley to conceal his license plate. [Appellant] approached K.D., while Mr. Gil and Ms. Guzman waited in the car.

The victim related to the police that an individual, later identified as [appellant], had a knife with an extended blade in her hand and told K.D. either "Give me the phone or I'll stab you" or "Give me the phone or I'll cut you." K.D. handed her black IPhone 4S, valued at approximately $200.00, to [appellant].

> Once [appellant] obtained the phone, she then demanded the pass lock code and threatened the juvenile again. This was witnessed by other juveniles in the area. [Appellant] then ran back to Mr. Gil's car and the three actors fled the area.

Trial court opinion, 4/4/14 at 3-4 (citations omitted).

On August 6, 2013, appellant entered a negotiated guilty plea before the Honorable Kelly L. Bannach. In case number 274 of 2012, appellant pled guilty to retail theft; in case number 436 of 2013, appellant pled guilty to one count of access device fraud; and in case number 438 of 2013, appellant pled guilty to robbery and criminal conspiracy to commit robbery.[2] On October 30, 2013, Judge Bannach sentenced appellant to an aggregate term of four to eight years' incarceration pursuant to the plea agreement. On November 7, 2013, appellant filed a motion to modify sentence, which was denied on November 18, 2013. (Docket #31, 32.)

Counsel filed a motion for leave to withdraw his appearance and a timely notice of appeal on November 27, 2013. The trial court denied counsel's motion. Thereafter, counsel complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A. On January 17, 2014, trial counsel was permitted to withdraw and Sean T. Poll, Esq., was appointed.

---

[2] The Commonwealth withdrew the remaining charges and agreed that appellant's minimum sentence would not exceed four years.

Subsequently, Attorney Poll filed a petition for leave to withdraw and an *Anders* brief with this court.  As counsel indicated in the letters to appellant that, if allowed to withdraw, appellant has the right to represent herself or hire private counsel, a *per curiam* order was entered on July 24, 2014, permitting appellant to file a response to counsel's petition to withdraw, either *pro se* or via privately retained counsel, within 30 days. Appellant filed a *pro se* letter dated August 4, 2014, stating she is not certain how to respond and she wants to proceed *pro se*.

"When presented with an *Anders* brief, this [c]ourt may not review the merits of the underlying issues without first passing on the request to withdraw."  *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa.Super. 2010), citing *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*) (citation omitted).

> In order for counsel to withdraw from an appeal pursuant to *Anders*, certain requirements must be met, and counsel must:
>
> (1)  provide a summary of the procedural history and facts, with citations to the record;
>
> (2)  refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3)  set forth counsel's conclusion that the appeal is frivolous; and
>
> (4)  state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of

> record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.*, quoting **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Our review of Attorney Poll's application to withdraw, supporting documentation, and **Anders** brief reveals that he has complied with all of the foregoing requirements. We note that counsel also furnished a copy of the brief to appellant. While counsel did not clearly advise appellant of her right to retain new counsel, proceed **pro se**, or raise any additional points that she deems worthy of this court's attention, by **per curiam** order, this court so advised to make sure appellant knew her rights. Appellant filed a **pro se** response indicating she wanted the appeal to continue. Additionally, counsel attached to the **Anders** petition a copy of the letter sent to appellant as required under **Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa.Super. 2005). **See Daniels**, 999 A.2d at 594 ("While the Supreme Court in **Santiago** set forth the new requirements for an **Anders** brief, which are quoted above, the holding did not abrogate the notice requirements set forth in **Millisock** that remain binding legal precedent."). As we find the requirements of **Anders** and **McClendon** are met, we will proceed with our review.

Appellant challenges the discretionary aspects of her sentence. "It is firmly established that a plea of guilty generally amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court,

the **legality** of the sentence and the validity of the guilty plea."
**Commonwealth v. Dalberto**, 648 A.2d 16, 18 (Pa.Super. 1994) (emphasis in original). Thus, when a defendant pleads guilty pursuant to a plea agreement that includes a negotiated sentence, the defendant may not seek a discretionary appeal as to the agreed-upon sentence. (**Id.** at 20-21.) Permitting such an appeal would make a sham of the negotiated plea process, thus depriving the Commonwealth from the benefit of the bargain, and giving the defendant a second bite at the sentencing process. (**Id.** at 19-21.)

Appellant agreed to enter the above-stated guilty pleas, and in exchange, the Commonwealth withdrew the remaining charges and agreed that appellant's minimum sentence would not exceed four years. (Notes of testimony, 8/6/13 at 2, 6-7, 9-10; 10/30/13 at 2, 39-40.) The court noted appellant received a substantial benefit from the plea bargain, as this sentence was lower than what the guidelines called for (54-66 months' incarceration). (Notes of testimony, 10/30/13 at 40.) The plea agreement was accepted by the trial court, and appellant was sentenced in accordance with the plea agreement. Therefore, appellant received the benefit of her bargain, and she cannot now seek a discretionary appeal of her agreed-upon penalties. **Commonwealth v. Reichle**, 589 A.2d 1140, 1141 (Pa.Super. 1991) ("This court has no authority to permit a discretionary appeal of a

negotiated sentence agreed upon by the parties and accepted by the court."). We therefore affirm judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2015