J-S24031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| C. ARTHUR BENNETT, | : | |
| | : | |
| Appellant | : | No. 2948 EDA 2014 |

Appeal from the Judgment of Sentence entered on September 8, 2014
in the Court of Common Pleas of Delaware County,
Criminal Division, No. CP-23-CR-0004121-2014

BEFORE: GANTMAN, P.J., ALLEN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED APRIL 16, 2015**

C. Arthur Bennett ("Bennett") appeals from the judgment of sentence imposed following his *nolo contendere* plea to one count of possession of a controlled substance (marijuana) with the intent to deliver ("PWID").[1] Additionally, Patrick J. Connors, Esquire *(*"Attorney Connors"), Bennett's counsel, has filed an Application to Withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967). We grant Attorney Connors's Application to Withdraw and affirm Bennett's judgment of sentence.

On September 8, 2014, Bennett tendered a negotiated *nolo contendere* plea to PWID, whereupon the Commonwealth recommended a sentence of time served (approximately one month) to twenty-three months

---

[1] ***See*** 35 P.S. § 780-113(a)(30).

in prison. On that same date, the trial court accepted Bennett's plea and sentenced him in accordance with the terms of the plea agreement. Subsequently, Bennett filed a post-sentence Motion to withdraw his *nolo contendere* plea, which the trial court denied. Bennett thereafter filed a timely Notice of Appeal. In response to the trial court's Order to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal, Attorney Connors filed Statement indicating his intention to file an **Anders** brief. Thereafter, Attorney Connors filed an Application to Withdraw as Bennett's counsel and an **Anders** brief.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (citation omitted). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, he/she must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se,* or raise any additional points he deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa.

2009), our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. "Once counsel has satisfied the [**Anders**] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Edwards**, 906 A.2d at 1228 (citation omitted).

Here, Attorney Connors has complied with each of the requirements of **Anders**. Attorney Connors indicates that he conscientiously examined the record and determined that an appeal would be frivolous. Further, Attorney Connors's **Anders** brief comports with the requirements set forth by the Supreme Court of Pennsylvania in **Santiago**. Finally, the record contains a copy of the letter that Attorney Connors sent to Bennett, advising him of his right to proceed *pro se* or retain alternate counsel and file additional claims, and stating Attorney Connors's intention to seek permission to withdraw.

Accordingly, Attorney Connors has complied with the procedural requirements for withdrawing from representation, and we will determine whether Bennett's appeal is wholly frivolous.

The **Anders** brief filed by Attorney Connors identifies the following issue for our review: "Whether the sentence imposed on [] Bennett was harsh and excessive under the circumstances?" **Anders** Brief at 1 (italicization omitted).

In terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea. **See Commonwealth v. Nelson**, 666 A.2d 714, 717 (Pa. Super. 1995). By entering a plea of *nolo contendere*, a defendant waives "all defects and defenses except those concerning the jurisdiction of the court, legality of sentence, and validity of plea." **Id**. Legality of sentence issues occur generally either (1) when a trial court's traditional authority to use discretion in the act of sentencing is somehow affected; and/or (2) when the sentence imposed is patently inconsistent with the sentencing parameters set forth by the General Assembly. **See Commonwealth v. Foster**, 17 A.3d 332, 342 (Pa. 2011). The question of whether a claim implicates the legality of a sentence presents a pure question of law. **Id.** at 340 n.13. Issues relating to the legality of a sentence are reviewed *de novo,* and our scope of review is plenary. **Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa. Super. 2013).

Additionally, "when a negotiated plea includes sentencing terms (or, more properly, the Commonwealth's commitment to recommend a certain sentence), the defendant's knowing and voluntary acceptance of those terms rightly extinguishes the ability to challenge a sentence the defendant knew was a proper consequence of his plea." **Commonwealth v. Eisenberg**, 98 A.3d 1268, 1277 (Pa. 2014); **see also Commonwealth v. Reichle**, 589 A.2d 1140, 1141 (Pa. Super. 1991) (stating that where the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit an excessiveness challenge).

Here, Bennett's claim that his sentence is harsh and excessive does not implicate the jurisdiction of the trial court, the validity of Bennett's plea, or the legality of his sentence. **See Reichle**, 589 A.2d at 1141. Rather, his claim presents a challenge to the discretionary aspects of his sentence, which Bennett waived upon the entry of his *nolo contendere* plea. **Id**. Thus, Bennett's claim is waived. For this reason, we conclude that Bennett's appeal is, in fact, wholly frivolous. Accordingly, we affirm his judgment of sentence and grant Attorney Connors's Application to Withdraw.

Application to Withdraw as counsel granted. Judgment of sentence affirmed.

- 5 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/2015