J-S58019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| LUIS RAMOS | |
| Appellant | No. 2138 MDA 2015 |

Appeal from the Judgment of Sentence March 26, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0001319-2013

BEFORE: GANTMAN, P.J., BOWES AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 16, 2016**

Luis Ramos appeals *nunc pro tunc* from the March 26, 2014 sentence of fifteen to forty years imprisonment that the trial court imposed after Appellant entered a negotiated guilty plea to third-degree murder. Counsel has filed a petition to withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We grant counsel's petition to withdraw and affirm.

In this case, Appellant was charged with first-degree murder, third-degree murder, two counts of aggravated assault, and possession of an instrument of crime in connection with the December 29, 2012 shooting death of Raymond Miranda. At approximately 1:00 a.m. on the day in

_____
* Retired Senior Judge assigned to the Superior Court.

question, Mr. Miranda was attempting to refuel his black Cadillac, which had run out of gas earlier that night, on the 100 block of South 4th Street, Reading. A witness saw Appellant approach Mr. Miranda as he was attending to his car. The victim tried to speak to Appellant, but Appellant immediately pointed a silver handgun at him and shot him twice in the torso, killing him.

On March 26, 2014, Appellant tendered guilty pleas at three separate criminal actions,[1] including the one at issue herein. At the oral colloquy, the trial court explained that the maximum sentence that Appellant faced for third-degree murder was forty years in jail. The written colloquy indicated that the plea was a negotiated plea and that Appellant would receive fifteen to forty years imprisonment in return for his tender of the guilty plea. After accepting the pleas, the court proceeded immediately to sentencing and was in possession of a presentence report, to which there were no corrections. Appellant had a prior record score of two and the sentencing guidelines outlined a standard range sentence for third-degree murder of eight to twenty years. Appellant was sentenced, in accordance with the negotiated

---

[1] At case number 1845 of 2013, Appellant pled guilty to five counts of aggravated assault because he stabbed five young women, seriously injuring them. In criminal action number 4590 of 2012, Appellant entered a guilty plea to possession of a controlled substance (cocaine) with intent to deliver.

agreement, to fifteen to forty years for the third-degree murder offense.[2] Appellant's post-sentencing rights were explained to him in both English and Spanish. N.T. Plea and Sentencing, 3/26/14, at 20; Defendant's Acknowledgement of Post Sentence Procedures following Guilty Plea, 3/26/14.

Appellant did not file a timely post-sentence motion. On February 9, 2015, Appellant filed a timely PCRA petition, counsel was appointed, and counsel filed an amended petition. Therein, Appellant claimed that he asked counsel to file a direct appeal and that request was ignored. On November 9, 2015, the trial court issued an order granting Appellant the right to file an appeal *nunc pro tunc* from the judgment of sentence. Appellant thereafter filed this timely appeal.

As noted, counsel has moved to withdraw. Since we do not consider the merits of an issue raised in an **Anders** brief without first reviewing a request to withdraw, we now address counsel's petition to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*). In order to be permitted to withdraw, counsel must meet three procedural

---

[2] Accordingly, Appellant does not have the ability to challenge the discretionary aspects of his sentence. **Commonwealth v. Reichle**, 589 A.2d 1140, 1141 (Pa.Super. 1991) ("Where the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence.")

requirements: 1) petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; 2) provide a copy of the **Anders** brief to the defendant; and 3) inform the defendant that he has the right to retain private counsel or raise, *pro se*, additional arguments that the defendant deems worthy of the court's attention. **Id**.

Counsel's petition to withdraw states that she reviewed the complete record and applicable law and researched all the issues. Counsel continues that, after a conscientious examination of the record and consideration of Appellant's input, she concluded that the appeal is wholly frivolous. Attached to the **Anders/Santiago** brief is a letter counsel sent to Appellant. In the letter, counsel indicated that she was seeking to withdraw. Counsel furnished Appellant a copy of the brief and petition to withdraw, and counsel told Appellant that he had the right to retain new counsel or to proceed *pro se* and raise any points the he deemed worthy of our attention. The address of this Court's prothonotary was provided. Accordingly, counsel has complied with the procedural aspects of **Anders**.

We next examine whether counsel's **Anders** brief meets the substantive elements of **Santiago**. Pursuant to **Santiago**, an **Anders** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth

counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

Counsel's brief is compliant with *Santiago*. It contains a summary of the procedure and facts and extensively delineates the applicable law. Counsel establishes that the guilty plea proceedings and sentence were proper under that precedent.

Appellant raises two issues that could arguable support this appeal: "A. Was Appellant's guilty plea valid? B. Was Appellant's sentence legal?" Appellant's brief at 5. We conclude that the first issue is waived. Our decision in *Commonwealth v. Lincoln*, 72 A.3d 606 (Pa.Super. 2013), is dispositive. *Lincoln* involved an appeal *nunc pro tunc* from a judgment of sentence entered by a trial court after the defendant entered a guilty plea. On appeal, the defendant sought to withdraw his guilty plea. The defendant in *Lincoln*, like Appellant, had obtained reinstatement of his appellate rights pursuant to a PCRA petition, but, also like Appellant, Lincoln had not filed a post-sentence motion seeking to withdraw that plea.

This Court held that we could not review the validity of the guilty plea since the case was on direct appeal and there was no preserved challenge to the validity of the plea. The panel observed that, "Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to

- 5 -

challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." *Id*. at 609. The *Lincoln* Court also reiterated precedent providing that a "defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver." *Id*. at 609-10. Such waiver flows from application of Pa.R.A.P. 302, which provides that issues not raised in the trial court are waived for purposes of appeal. In the present matter, Appellant waived all challenges to the validity of his guilty plea by neglecting to object to its validity at the plea proceeding or in a post-sentence motion.

On the other hand, Appellant's second issue, which questions whether his sentence is legal, cannot be waived. *Commonwealth v. Infante*, 63 A.3d 358 (Pa.Super. 2013). Herein, Appellant pled guilty to third-degree murder, which carries a maximum sentence of forty years. 18 Pa.C.S. § 1102(d). Hence, Appellant's fifteen to forty year term of imprisonment was within the statutory maximum and minimum, and there is no question that his sentence, which involved no mandatory minimum and was the only offense for which he was sentenced, was legal. Hence, the second issue on appeal is wholly frivolous.

We have conducted an independent review of the record, as required by *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa.Super. 2015),

and have concluded that there are no preserved issues of arguable merit that can be raised in this appeal. Hence, we concur with counsel's assessment and allow her to withdraw.

Petition of Lara Glenn Hoffert, Esquire, to withdraw is granted.

Judgment of sentence affirmed.

Judge Platt joins the memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2016