J-S04035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL WALKER | : | |
| | : | |
| Appellant | : | No. 3573 EDA 2015 |

Appeal from the PCRA Order October 30, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0004505-2012

BEFORE:  SHOGAN, OTT and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:  **FILED JANUARY 24, 2017**

Appellant Michael Walker appeals *pro se* from the trial court's order entered in the Court of Common Pleas of Philadelphia County on October 30, 2015, dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On March 22, 2012, Appellant was charged with rape, aggravated assault, robbery, and related offenses.  On July 17, 2013, testimony began in Appellant's jury trial.  On July 18, 2013, Appellant entered a negotiated guilty plea to robbery and aggravated assault and pled *nolo contendere* to a charge of indecent assault.[1]  On that same date, the trial court accepted the

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. §§ 3701(a)(1)(i); 2702(a)(1); 3126(a)(1), respectively.

negotiated sentence and sentenced Appellant to an aggregate term of eight years to sixteen years in prison on the robbery and aggravated assault charges, and it deferred sentencing on the indecent assault charge. N.T., 7/18/13, at 17. Following the preparation of a pre-sentence investigation report and mental health and psychiatric evaluations, the trial court sentenced Appellant to a consecutive term of two years of reporting probation on the indecent assault charge on September 12, 2013. N.T., 9/12/13, at 16. Appellant did not file a post sentence motion or a direct appeal.

On April 9, 2014, Appellant filed a timely, *pro se* PCRA petition raising a claim of trial counsel's ineffectiveness for failing to object to DNA evidence the Commonwealth had offered at trial. **See** *Pro Se* Motion for Post Conviction Collateral Relief, 4/9/14, at 4. Counsel was appointed to represent Appellant and entered his appearance on March 11, 2015; however, appointed counsel sought to withdraw pursuant to **Turner/Finley**,[2] asserting that following his review of the matter and of controlling legal authority and consultation with Appellant, counsel had determined there were no issues of merit that could support the grant of PCRA relief. **See** Motion of Counsel for Leave to Withdraw, filed 6/30/15, at 2. Counsel also sent Appellant a correspondence wherein he advised

---

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988).

Appellant of his right to proceed *pro se* or with privately retained counsel, should the PCRA court grant counsel's motion to withdraw. *Id*. at 3. After issuing a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition, the PCRA court ultimately did so and permitted counsel to withdraw on October 26, 2015.

On November 23, 2015, Appellant filed a timely notice of appeal. On December 2, 2015, the PCRA court entered an order directing Appellant to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant filed the same on December 8, 2015. In his brief, Appellant presents the following question for our review:

> Was trial/plea counsel ineffective for failing to file the proper motion to withdraw guilty plea after being informed by the Appellant of his wishes for counsel to do so.

Appellant's Brief at 4 (unnumbered).

In PCRA proceedings, this Court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review we apply is whether the PCRA court's findings are supported by the record and free of legal error. *Commonwealth v. Pitts*, 603 Pa. at 1, 7, 981 A.2d 875, 878 (2009). Moreover, it is well-settled that when a defendant has entered a negotiated guilty plea, his "plea ... amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the

- 3 -

sentence, and the validity of the guilty plea." ***Commonwealth v. Reichle***, 589 A.2d 1140, 1141 (Pa.Super. 1991).

In his four-paragraph argument, Appellant contends trial/PCRA counsel were ineffective for failing to file a motion to withdraw Appellant's guilty plea; however, a review of the record reveals Appellant failed to assert this claim in a timely post-sentence motion or in his *pro se* PCRA petition, and PCRA counsel did not raise it in his ***Turner*/*Finely*** letter. In addition, Appellant admittedly did file a Rule 907 response to the PCRA court's notice to dismiss his petition. Brief for Appellant at 6 (unnumbered). Moreover, although Appellant raised five claims in his Rule 1925(b) statement, Appellant nowhere therein challenged counsels' effectiveness for failing to file a requested motion to withdraw his guilty plea.

Because he advanced this issue for the first time on appeal, it is waived, and we shall not further consider it. ***See Commonwealth v. Rainey***, 593 Pa. 67, 85, 928 A.2d 215, 226 (2007) (concluding that issues not raised in a PCRA petition are waived and cannot be considered for the first time on appeal); ***see also*** 42 Pa.C.S.A. § 9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); ***see also Commonwealth v. Henkel***, 90 A.3d 16, 29-30 (Pa.Super. 2014) (*en banc*)

(finding ineffective assistance of PCRA counsel claims cannot be raised for the first time on appeal); ***Commonwealth v. Rigg***, 84 A.3d 1080, 1085 (Pa.Super. 2014) (concluding appellant cannot challenge the effectiveness of PCRA counsel's assistance for first time in Rule 1925(b) statement).

As Appellant has waived the issue he presents in his appellate brief, we affirm the October 30, 2015, order of the PCRA court denying Appellant's PCRA petition.[3]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/2017

_____

[3] We note that in its Rule 1925(a) Opinion filed on April 25, 2016, the PCRA court addressed the claims Appellant set forth in his Rule 1925(b) statement; however, it could not analyze the issue Appellant raises in his appellate brief for Appellant's failure to assert it below. Notwithstanding, an appellate court is not bound by the rationale of the PCRA court and may affirm on any basis. ***See Commonwealth v. Doty***, 48 A.3d 451, 456 (Pa.Super. 2012).