**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHELCIE DARDER | |
| Appellant | No. 2628 EDA 2016 |

Appeal from the Judgment of Sentence July 22, 2016
In the Court of Common Pleas of Pike County
Criminal Division at No: CP-52-CR-0000543-2013

BEFORE:  SHOGAN, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED APRIL 19, 2017**

Appellant, Chelcie Darder, appeals from the July 22, 2016 judgment of sentence entered in the Court of Common Pleas of Pike County ("trial court") following a negotiated guilty plea to retail theft and possession of drug paraphernalia.[1]  Counsel for Appellant has filed a brief in accordance with **Anders v. California**, 368 U.S. 738 (1969), concurrently with an application to withdraw as counsel.  Following review, we grant counsel's application for leave to withdraw and affirm the judgment of sentence.

The factual and procedural history is undisputed and the trial court summarized it as follows.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3929, and 35 P.S. § 780-113, respectively.

On January 6, 2014, the Commonwealth filed its Criminal Information charging [Appellant] with one count of Retail Theft (M-1) and one count of Possession of Drug Paraphernalia (M). On January 23, 2015, [Appellant] executed a written Guilty Plea Colloquy whereby she entered a plea of guilty to each of the aforementioned criminal charges. The written Guilty Plea Colloquy included a negotiated agreement with the Commonwealth that the sentence to be imposed on the Retail Theft charge would be "*time served to 1 year*." Guilty Plea Colloquy, p. 1 (emphasis added). The negotiated, recommended sentence on the Possession charge was 1 year of Probation to run consecutive to the sentence imposed on the Retail Theft charge. The determination of the costs and fines to be imposed on both charges was left to the discretion of the [trial court]. [Appellant] subsequently appeared before the [trial court] with her counsel and acknowledged, under oath, the entry of her guilty plea. The [trial court] accepted [Appellant's] guilty plea having found it to have been entered knowingly, intelligently[,] and voluntarily.

On July 22, 2016, after [Appellant] had failed to appear for a previously scheduled Sentencing Hearing, the [trial court] held a Sentencing Hearing at which time [Appellant] was present with counsel. [Appellant] appeared by video-conferencing from the Pike County Correctional Facility since she was initially being arraigned on a bench warrant for failing to appear at the previously scheduled sentencing hearing. The [trial court] vacated the bench warrant and [Appellant] and her attorney agreed to proceed with sentencing. [Appellant's] counsel conducted an oral colloquy of his client's sentence, post-sentence[,] and appellate rights prior to imposition of sentence. The [trial court] also questioned [Appellant] as to her right to be present in court for her sentencing hearing after which she voluntarily waived her right to be present in court. ***See*** Pa.R.Crim.P. 119(B).

After affording counsel and [Appellant] an opportunity to be heard and noting the review of a pre-sentence investigative report, the [trial court] proceeded to enter a sentence in the matter as follows. The [trial court] sentenced [Appellant] on Retail Theft to a period of incarceration in the Pike County Jail of not less than 31 days to no more than 12 months. The [trial court] also sentenced [Appellant] on the Possession charge to a period of 12 months of probation supervision to run consecutive

to the sentence imposed on the Retail Theft charge. The [trial court] also granted [Appellant] credit for 31 days' time served and thus immediate parole subject to her signing of her parole conditions with the Pike County Probation Department and submission of a suitable home plan.

On August 22, 2016, [Appellant] filed her timely Notice of Appeal to the Pennsylvania Superior Court from the July 22, 2016 Sentencing Order. On August 26, 2016, [the trial court] entered an Order directing [Appellant] to file a Concise Statement of Matters Complained of on Appeal within 21 days thereof. On September 16, 2016, [Appellant] filed a Concise Statement of Matters Complained of on Appeal.

Trial Court Opinion, 9/23/2016, at 1-3. The trial court issued a Pa.R.A.P. 1925(a) opinion on September 23, 2016. Appellant's counsel filed, in this Court, an application to withdraw as counsel and an **Anders** brief on November 8, 2016, wherein counsel raises one issue which counsel deems frivolous: "Whether the [trial court] abused its discretion by imposing a sentence in this matter that is harsh and excessive based on the circumstances." **Anders** Brief at 6.

Before this Court can review the merits of the underlying issues, we must first address counsel's application to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). In order for court-appointed counsel to withdraw, counsel must

(1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or amicus curiae brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or

raise any additional points that he or she deems worthy of the court's attention.

**Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009) (quoting **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005)).

Upon review, we conclude counsel has satisfied the procedural requirements set forth in **Anders**. In the brief, counsel explains her conclusion that the issue sought to be raised by Appellant is wholly frivolous. Further, Counsel sent Appellant a letter, along with a copy of the **Anders** brief, dated November 4, 2016, advising Appellant of her right to retain new counsel or act on her own behalf.

After finding that counsel has complied with the procedural requirements of **Anders**, this Court must address whether counsel's brief satisfied the following substantive requirements:

(1)    provide a summary of the procedural history and facts, with citations to the record;
(2)    refer to anything in the record counsel believes arguably supports the appeal;
(3)    set forth counsel's conclusion that the appeal is frivolous; and
(4)    state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

In the **Anders** brief, counsel has included a statement of the case which includes the procedural history of the case. **Anders** Brief at 7. Therefore, counsel has complied with the first requirement.

The second requirement is to reference anything in the record that counsel believes arguably supports the appeal. *See Santiago*, 978 A.2d at 361. Here, counsel raises one issue: whether the trial court abused its discretion by imposing a sentence in the aggravated range that is harsh and excessive based on the circumstances. *Anders* Brief at 10. Counsel, therefore, has satisfied the second *Anders* requirement.

The third substantive requirement of *Anders* is for counsel to state her conclusion that the appeal is frivolous, which counsel complied with in her brief. *Id.* at 9. The final element requires counsel to provide her reasons for concluding that the appeal is frivolous. *Santiago*, 978 A.2d at 361. Counsel complied with this requirement and satisfied the final prong of the *Anders* test.[2] *Anders* Brief at 9-10.

We find counsel has satisfied the requirements for a petition to withdraw. She complied with the procedural requirements, advised Appellant of her right to retain substitute counsel or to proceed *pro se* to bring any additional points to this Court's attention. Thus, we must address the substantive issues raised by Appellant.

Appellant's sole claim is a challenge to the discretionary aspects of sentencing. *Anders* Brief at 6. "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of

---

[2] Counsel's brief addresses the issue raised by Appellant; however, the analysis by counsel was inartful, sloppy, and scarcely addresses the issue.

the court, the legality of the sentence, and the validity of the guilty plea." ***Commonwealth v. Reichle***, 589 A.2d 1140, 1141 (Pa. Super. 1991) (citations omitted). Moreover, "[w]here the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence." ***Id.*** As Appellant pled guilty and was sentenced to an agreed upon sentence, she cannot challenge the discretionary aspects of sentencing. Appellant's claim is meritless.

As counsel has complied with the technical requirements of ***Anders*** and ***Santiago***, this Court must "conduct an independent review of the record to discern if there are any additional non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015). Upon review, we do not discern any non-frivolous issues that Appellant could have raised. We therefore grant counsel's application to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2017

- 6 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/19/2017</u>