J-S16020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| RANDY FLYNN ANDERSON | |
| Appellant | No. 857 WDA 2016 |

Appeal from the Judgment of Sentence March 10, 2015
In the Court of Common Pleas of Greene County
Criminal Division at No(s): CP-30-CR-0000191-2014

BEFORE: MOULTON, J., RANSOM, J., and PLATT, J.[*]

JUDGMENT ORDER BY RANSOM, J.: **FILED MAY 19, 2017**

Appellant, Randy Flynn Anderson, appeals from the judgment of sentence entered March 10, 2015, imposed following his guilty plea resulting in his conviction for voluntary manslaughter, violation of the Uniform Firearms Act, abuse of a corpse, and tampering with physical evidence.[1] We quash.

On March 10, 2015, Appellant entered a negotiated guilty plea to the enumerated charges in relation to the shooting death of Terry Weyrick. **See** Notes of Testimony (N.T.), 3/10/15, at 8, 44. The court proceeded immediately to sentencing, and Appellant received an aggregate sentence of fourteen to twenty-eight years of incarceration. The sentencing transcript

---

[1] 18 Pa.C.S. §§ 2503(a)(1), 6105(a)(1), 5510, and 4910(1).

[*] Retired Senior Judge assigned to the Superior Court.

did not reflect that Appellant requested plea counsel file post-sentence motions or a direct appeal on his behalf.

On March 26, 2015, while represented by counsel, Appellant *pro se* filed a motion seeking to withdraw his guilty plea and averring that counsel "falsely represented him" by informing an unnamed witness to "stay home" on the day of the guilty plea. **See** Motion to Withdraw Guilty Plea, 3/26/15, at 1. Subsequently, plea counsel filed a petition to withdraw her representation, which the court granted. New counsel was appointed, and Appellant subsequently filed motions seeking the removal of new counsel, permission to proceed *pro se*, and for the appointment of standby counsel.

On March 21, 2016, the court held a **Grazier**[2] hearing. At the conclusion of the hearing, the court permitted Appellant to represent himself, denied Appellant's request for standby counsel, and ordered Appellant to file a brief arguing the timeliness of his post-sentence motion. On May 25, 2016, the court denied Appellant's post-sentence motion.

Appellant filed a notice of appeal on June 10, 2016, purporting to appeal from the denial of his post-sentence motion, and a court-ordered Pa.R.A.P. 1925(b). The trial court did not issue a responsive opinion.

On appeal, Appellant raises the following issues for our review, which we have restated for clarity:

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

> 1. Whether trial counsel was ineffective for failure to a file a post-sentence motion and notice of appeal for Appellant, when Appellant requested counsel do so at sentencing, and counsel agreed to file said appeal?
>
> 2. Whether the trial court erred and committed an abuse of discretion in calculating the ten-day requirement to file post sentence motion and not excluding weekends and holidays.

*See* Appellant's Brief at 3.

Initially, we note that Appellant's post-sentence motion was in itself a legal nullity, as at the time it was filed, Appellant was still represented by counsel. *See Commonwealth v. Ali*, 10 A.3d 282, 293 (Pa. 2010). Accordingly, there is no post-sentence motion for this court to consider.

Even assuming the post-sentence motion was properly filed and preserved, we would not have jurisdiction to entertain it, as both the motion and the appeal were untimely filed. *See Commonwealth v. Green*, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*) (noting that for this Court to possess jurisdiction the appeal must be timely filed within thirty days from the judgment of sentence); *see also Commonwealth v. Dreves*, 839 A.2d 1122, 1128 (Pa. Super. 2003) (*en banc*) (noting that an untimely post-sentence motion does not toll the appeal period); *see also* 1 Pa.C.S. § 1908 (noting that the computation of time excludes the first and last day of a period, and that when the last day of a period falls on a Saturday, Sunday, or legal holiday, that day may be omitted from computation). Appellant's appeal is patently untimely; to timely file an appeal, Appellant would have been required to file his notice by April 9, 2015. *See* Pa.R.A.P. 903.

Finally, even assuming that the post-sentence motion was properly and timely filed, it does not raise an issue cognizable on direct appeal. As noted above, Appellant entered into a negotiated guilty plea, and is thus limited to challenging the jurisdiction of the court, the legality of his sentence, and the validity of his guilty plea. ***See***, ***e.g.***, ***Commonwealth v. Reichle***, 589 A.2d 1140, 1141 (Pa. Super. 1991). Appellant's motion, which appears to argue some misconduct by counsel, does not raise one of these claims.

Additionally, with regard to Appellant's claims of ineffective assistance of counsel, we note that as a general rule, with certain exceptions that do not apply to the instant case, defendants must wait to raise claims of ineffective assistance of counsel until collateral review. ***See Commonwealth v. Grant***, 813 A.2d 726, 738 (Pa. 2002).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/19/2017</u>

- 4 -