J-S37002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WALTER JONATHAN LOBO-ESTRADA | |
| Appellant | No. 1720 MDA 2016 |

Appeal from the PCRA Order September 26, 2016
In the Court of Common Pleas of York County
Criminal Division at Nos: CP-67-CR-0004784-2014; CP-67-CR-0004807-
2014

BEFORE: STABILE, MOULTON, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                     **FILED AUGUST 04, 2017**

Appellant, Walter Jonathan Lobo-Estrada, appeals *pro se* from the September 26, 2016 order of the Court of Common Pleas of York County ("PCRA court"), dismissing Appellant's petition under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The factual and procedural history of the matter is undisputed. Briefly, on February 9, 2015, Appellant pled *nolo contendere* to two counts of rape of a child.[1] Following a sexually violent predator ("SVP") hearing, Appellant was sentenced to a negotiated term of 13 to 35 years' incarceration on June 22, 2015. Appellant did not file any post-sentence motions or a direct appeal.

---

[1] 18 Pa.C.S.A. § 3121(c).

On April 26, 2016, Appellant filed a timely *pro se* PCRA petition. On May 29, 2016, the PCRA court appointed Korey Leslie, Esquire, as PCRA counsel. On August 30, 2016, Appellant filed a *pro se* motion for new counsel. On September 2, 2016, PCRA counsel filed a **Turner**/**Finley**[2] "no merit" letter and application to withdraw. The PCRA court granted PCRA counsel's request to withdraw and dismissed Appellant's *pro se* PCRA petition on September 26, 2016. Appellant timely appealed. On October 27, 2016, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal. Appellant complied on November 14, 2016, and the PCRA court issued a Pa.R.A.P. 1925(a) opinion on December 15, 2016.

Appellant raises five issues on appeal, which we quote verbatim.

[I.] Was justice delivered where I (the [Appellant]) was not permitted adequate counsel who wanted to present my case and instead encouraged me, a layman to take a plea?

[II.] Was I deprived of a just verdict where court appointed counsel pushed for a plea agreement to avoid addressing the issues?

[III.] Was a fair conviction handed down where "*all*" of the said evidence and/or testimony was ignored because of the defense counsel and prosecutors actions?

[IV.] Was it fair and/or just that in this case of a sexual nature "no" tests were done on the said victim to prove any type of penetration? Upon my request?

[V.] Being a first time conviction and/or arrest, was it fair and/or just that I was given a sentence of 13 years to 36

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

years? Does a gravity score matterto the courts? Is my *sentence excessive*?

Appellant's Brief at 3 (sic) (capitalization omitted).

Our standard of review of a denial of a PCRA petition is well established. "When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is 'supported by the record and free of legal error.'" ***Commonwealth v. Johnson***, 139 A.2d 1257, 1272 (Pa. 2016) (additional citations omitted). "The PCRA court may dismiss a petition without a hearing when the court is satisfied 'that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings.'" ***Id.*** (quoting Pa.R.Crim.P. 909(B)(2)).

Appellant's brief is bereft of discussion regarding his issues. Thus, Appellant's claims are waived. ***See*** Pa.R.A.P. 2119(a); ***see also Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) ("where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citations omitted). Even if Appellant adequately discussed his claims, his issues are meandering and unclear; however, insofar as we can decipher them, it appears Appellant is asserting that his plea was unlawfully induced.

Appellant asserts that he was unlawfully induced to a *nolo contendere* plea and that the resulting sentence was excessive. "A defendant is bound

by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradicts statements made when he pled." **Commonwealth v. Brown**, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing **Commonwealth v. McCauley**, 797 A.2d 920, 922 (Pa. Super. 2001)). Furthermore, a PCRA challenge to counsel's ineffectiveness as it relates to a plea "will provide a basis for relief only if the ineffectiveness actually caused an involuntary or unknowing plea." **Id.** at 1278. Appellant asserts that his plea was unknowingly entered; however, Appellant's plea colloquy belies his assertion. **See** N.T. Guilty Plea, 2/9/15, at 1-4. Furthermore, the trial court found on the record that the plea was entered knowingly, voluntarily, and intelligently. **Id.** at 4. Thus, Appellant's claim fails.[3]

As all of Appellant's PCRA claims are waived and meritless, the PCRA court properly dismissed Appellant's PCRA petition.

Order affirmed.

---

[3] Insofar as Appellant challenges the sufficiency of the evidence and the discretionary aspects of sentence, these claims are waived as he was sentenced in accordance with a negotiated *nolo contendere* plea. **See Commonwealth v. Reichle**, 589 A.2d 1140, 1141 (Pa. Super. 1991) (Following a negotiated guilty plea, challenges to the discretionary aspects of sentence are waived).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/4/2017