589 A.2d 1140

**COMMONWEALTH of Pennsylvania**

v.

**Barbara REICHLE, Appellant.**

Superior Court of Pennsylvania.

Submitted March 4, 1991.

Filed April 17, 1991.

2

Michael D. Suders, Asst. Public Defender, Mifflinburg, for appellant.

Robert B. Sacavage, Dist. Atty., Carmel, for Com., appellee.

Before CIRILLO, MONTEMURO and TAMILIA, JJ.

CIRILLO, Judge:

This is an appeal from a judgment of sentence entered in the Court of Common Pleas of Northumberland County. Appellant Barbara Reichle was charged with two counts of driving under the influence of alcohol (DUI), 75 Pa.C.S. § 3731(a), reckless driving, 75 Pa.C.S. § 3714, and a violation of 75 Pa.C.S. § 3301, driving on the right side of the roadway. Reichle entered into a negotiated guilty plea to one DUI charge in exchange for the Commonwealth's agreement to *nol pros* the remaining charges and recom-

mend the mandatory minimum sentence of 48 hours incarceration. 75 Pa.C.S. § 3731(e).[1]

The sentencing court accepted the plea agreement, and Reichle was sentenced to serve 48 hours imprisonment and 50 hours of community service with the Salvation Army. A motion to modify sentence was filed and denied. *See* Pa. R.Crim.P. 1410. On appeal, Reichle challenges the discretionary aspects of her sentence, and raises the following issues:

> 1. Whether a substantial question about the appropriateness of the sentence exists where the sentence was excessive for this particular defendant?
>
> 2. Whether the court erred by imposing an excessive sentence?
>
> 3. Whether the court erred by failing to consider all the information regarding this defendant?

Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea. *Commonwealth v. Moyer*, 497 Pa. 643, 444 A.2d 101 (1982); *Commonwealth v. Unger*, 494 Pa. 592, 432 A.2d 146 (1980); *Commonwealth v. Montgomery*, 485 Pa. 110, 401 A.2d 318 (1979); *Commonwealth v. Zanine*, 444 Pa. 361, 282 A.2d 367 (1971); *Commonwealth v. Pelzer*, 319 Pa.Super. 282, 466 A.2d 159 (1983); *See also Commonwealth v. Fruehan*, 384 Pa.Super. 156, 557 A.2d 1093 (1989); *Commonwealth v. Coles*, 365 Pa.Super. 562, 569, 530 A.2d 453, 456 (1987), *alloc. denied*, 522 Pa. 572, 559 A.2d 34 (1989). The Commonwealth and Reichle bargained

---

1. Section 3731(e) of the Motor Vehicle Code provides in part:

   **(e) Penalty.—**
   (1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

for a particular sentence. At the hearing plea hearing, following a full colloquy, Reichle accepted the sentence.[2] Thereafter, the court accepted the guilty plea and Reichle was sentenced. Reichle received precisely what she was promised under the terms of the agreement.

■ Where the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence. "If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement." *Coles*, 365 Pa.Super. at 571, 530 A.2d at 458. Permitting a discretionary appeal following the

(i) Not less than 48 consecutive hours.

\* \* \* \* \* \*

2. The colloquy provides, in part:
Q: Knowing all of that, Mrs. Reichle, is the plea that you're tendering to the Court today a free, knowing, and voluntary act on your part?
A: Yes, it is.
Q: To ask it another way, has anyone pressured, threatened, or forced you in any way to have you enter the plea?
A: No.
Q: Again, the plea being D.U.I., with a possible maximum penalty of two years and a $5,000.00 fine, or both. It's the Court's understanding this is your first offense. So, there is a mandatory penalty of at least 48 hours and the terms of the plea agreement indicate that you will receive the mandatory minimum. Is that your understanding of the extent of the plea agreement?
A: Yes.

\* \* \* \* \* \*

Q: Finally, do you understand that in the event I accept the plea and sentence you accordingly you [would] only be able to appeal to the higher Court on four grounds. Those grounds are whether the plea today is free, knowing, and voluntary, whether this Court has jurisdiction, whether [the] sentence is illegal, or whether your attorney was allegedly ineffective. Those are the only four grounds you can raise to a higher Court.
A: Yes.
We note that following sentencing the appellant was again informed of her limited appellate rights, and again acknowledged her understanding of the limited issues she could raise on appeal.

entry of a negotiated plea [3] would undermine the designs and goals of plea bargaining, and "would make a sham of the negotiated plea process[.]" *Id.*, 365 Pa.Superior Ct. at 568, 530 A.2d at 456. For these reasons, we dismiss the appellant's appeal of the discretionary aspects of sentence.

■ The Commonwealth has included in its brief a request for costs and counsel fees. *See* Pa.R.A.P. 2744. The Commonwealth contends that Reichle's appeal is frivolous and, pursuant to the Pennsylvania Supreme Court's recent decision in *Smith v. Board of Probation and Parole*, 524 Pa. 500, 574 A.2d 558 (1990), counsel fees and costs are warranted.

The authority to assess counsel fees and costs for the filing of a frivolous appeal is found in Pennsylvania Rule of Appellate Procedure 2744, which states in part:

**Rule 2744. Further Costs. Counsel Fees. Damages for Delay.**

In addition to other costs allowable by general rule or act of Assembly, an appellate court may award as further costs damages as may be just, including

(1) a reasonable counsel fee and

(2) damages for delay ...,

if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

Pa.R.A.P. 2744. In *Smith*, the supreme court stated:

This Court has affirmed the power of an appellate court to award attorney's fees pursuant to this Rule in a civil action, *see Gossman v. Lower Chanceford Township Board of Supervisors*, 503 Pa. 392, 469 A.2d 996 (1983), but we have never addressed a court's power to impose such a sanction where, as here, appellate counsel is

---

**3.** We note that Reichle has not challenged the validity of her guilty plea. *See* Pa.R.Crim.P. 321.

required by constitutional mandate to represent the client.... We now hold that despite the constitutional right to counsel in an appeal from a criminal conviction, costs and attorney's fees may be assessed against court-appointed appellate counsel for the filing of a frivolous appeal.

*Smith*, 524 Pa. at 509, 574 A.2d at 563. In *Smith*, the appellant/parolee was convicted of robbery and sentenced to a term of imprisonment of eight months to four years and eleven months. He was paroled subject to the condition that he remain employed. The Board of Probation and Parole discovered that Smith had failed to report to work, and he was thereafter arrested for violating the condition of his parole. Smith waived his hearing, conceded the technical violation, and was sentenced to serve ten months back time. After receiving notice of his recommitment, Smith requested appointment of counsel and filed a petition for administrative relief. This petition was denied. *Id.*, 524 Pa. at 503, 574 A.2d at 560.

On appeal, the Commonwealth Court of Pennsylvania affirmed and determined that Smith's appeal was frivolous because the court had repeatedly held that it would not review the discretionary recommitment when the recommitment period is within the presumptive range. *Id.* The Commonwealth Court, on this basis, granted the Board's petition for counsel fees pursuant to Pennsylvania Rule of Appellate Procedure 2744. Smith appealed, and the Pennsylvania Supreme Court affirmed. *Smith v. Board of Probation and Parole*, 524 Pa. 500, 574 A.2d 558 (1990). The court reasoned that an indigent's constitutional right to appointed counsel for purposes of appealing a criminal conviction neither includes nor justifies the advancement of frivolous claims on appeal. *Id.*, 524 Pa. at 509, 574 A.2d at 563, *citing McCoy v. Court of Appeals*, 486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988).

In the case before us, we note that the limited right of appeal following the entry of a negotiated guilty plea is, as noted above, a well established principle in this Common-

wealth. *See Moyer, supra; Unger, supra; Montgomery, supra; Zanine, supra.* Moreover, we point out that the right to a direct appeal from the discretionary aspects of a judgment of sentence is not absolute. *See* 42 Pa.C.S. § 9781(b). An appeal as of right exists only in a challenge to the legality of the sentence. 42 Pa.C.S. § 9781(b). *See also Commonwealth v. Tuladziecki,* 513 Pa. 508, 511, 522 A.2d 17, 18 (1987); Pa.R.A.P. 2119(f). Here, appellant acknowledged during her guilty plea colloquy and during her sentencing hearing that her rights on appeal were limited to claims of ineffectiveness of counsel, validity of the guilty plea, *legality* of the sentence, and jurisdiction of the court. Despite the established precedent and the trial court's repeated clarification on the record, the appellant nevertheless beseeched this court for review. We can discern no factual or legal basis for this appeal, and appellant offers no argument to alter the established law. *See Commonwealth v. Duff,* 414 Pa. 471, 200 A.2d 773 (1964); *cf.* Rules of Professional Conduct 3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established.")

We find that appellant's claim lacks any basis in law or fact. We conclude, therefore, that the appeal is frivolous. *Smith, supra; Commonwealth v. Greer,* 455 Pa. 106, 314 A.2d 513 (1974); *see also McCoy, supra* (an appeal which is determined to lack any basis in law or fact is considered to be frivolous); *cf. Riddle v. Commonwealth of Pennsylvania, Dept. of Transportation,* 136 Pa.Cmwlth. 508, 583 A.2d 865 (1990). We remand to the trial court for the determination and imposition of costs and counsel fees. *Smith, supra;* Pa.R.A.P. 2744.

Appeal dismissed.  Case remanded for proceedings consistent with this opinion.  Jurisdiction relinquished.