J-S73005-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RASHAUN D. GARNER, | |
| Appellant | No. 222 MDA 2014 |

Appeal from the Judgment of Sentence June 25, 2008
In the Court of Common Pleas of Susquehanna County
Criminal Division at No(s): CP-58-CR-0000418-2006

BEFORE:  BOWES, WECHT, and MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 04, 2014**

Rashaun D. Garner appeals *nunc pro tunc* from the June 25, 2008 judgment of sentence of twenty to forty years imprisonment that was imposed in accordance with Appellant's negotiated guilty plea to third-degree murder.  Appellate counsel has filed a petition seeking to withdraw his representation and a brief pursuant to ***Anders v. California****,* 386 U.S. 738 (1967), and ***Commonwealth v. Santiago****,* 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.  We grant the petition to withdraw and affirm.

On November 24, 2006, Appellant, who was then a juvenile, was charged with homicide, two counts of aggravated assault, and six counts of terroristic threats in connection with the shooting death of Stephen Smith, Jr.  Appellant asked that this matter be decertified to the juvenile court and

received funds for psychological testing and to hire an expert witness. Decertification was denied. After executing a written guilty plea agreement and undergoing an extensive oral colloquy, Appellant entered a negotiated guilty plea on June 9, 2008, to third-degree murder in exchange for a sentence of twenty to forty years imprisonment and withdrawal of the remaining charges. N.T. Plea, 6/9/08, at 2.[1]

Appellant did not file a direct appeal, but he filed a timely PCRA petition on June 12, 2009. Counsel was appointed and filed an amended petition. The court conducted a PCRA hearing and denied relief. In a *nunc pro tunc* appeal from the denial of PCRA relief, we rejected Appellant's claims that plea counsel rendered ineffective assistance by coercing him to enter a plea arrangement and by failing to investigate a claim of self-defense. **Commonwealth v. Garner**, 87 A.3d 889 (Pa.Super. 2013) (unpublished memorandum). However, we noted the following. In his counseled PCRA petition, Appellant averred that counsel failed to file a requested direct appeal from the judgment of sentence. At the PCRA hearing, Appellant likewise testified that he asked his plea counsel to file an appeal but none was filed. We accordingly determined that Appellant was

_____

[1] Appellant admitted that he shot the victim in the abdomen on SR 92 in Lenox Township and left him on the roadway. He was thereafter sentenced in accordance with the plea agreement.

- 2 -

entitled to reinstatement of his direct appeal rights and remanded. Appellant's direct appeal rights were reinstated, and this appeal followed.

Before we address the questions raised on appeal, we first must resolve appellate counsel's request to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id*. at 1032. (citation omitted).

In this case, counsel has satisfied those directives. In a petition to withdraw, counsel averred that he conscientiously reviewed Appellant's entire record and that, following that review, the instant appeal is wholly frivolous. Attached to the petition to withdraw is a copy of a letter that counsel sent to Appellant. Counsel forwarded to Appellant a copy of the *Anders* brief and petition to withdraw. Additionally, counsel informed Appellant that he had the right to retain a different attorney or to proceed by himself as a *pro se* litigant. Appellant filed an extension of time to file a response to the petition to withdraw and to file a *pro se* brief. Those

extensions were granted, but Appellant has filed no brief within the time frame permitted by the orders granting extensions.

We now examine whether counsel's brief comports with the Supreme Court's dictates in *Santiago*, *supra*, which provides that

> in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Cartrette*, *supra* at 1032 (quoting *Santiago, supra* at 361).

Counsel's brief is compliant with *Santiago*. It sets forth the factual and procedural history of this case and establishes why Appellant's issue lacks merit. Applicable legal authority is provided. We now examine the merits of the issue raised, and we then will independently review the record in order to determine if counsel's assessment about the frivolity of the present appeal is correct. *Cartrette*, *supra*. The issue raised in the brief is: "I. Did the lower court err by accepting the guilty plea entered by appellant as voluntarily and knowingly given?" Appellant's brief at 4.

We observe the following. "A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of

sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver." ***Commonwealth v. Lincoln***, 72 A.3d 606, 610-11 (Pa.Super. 2013). Herein, our review of the record establishes that no objection was raised at the colloquy and that no post-sentence motion was filed. Furthermore, the trial court delineated that Appellant had the right to file a post-sentence challenge to his plea. N.T. Sentencing, 6/25/08, at 27. Appellant failed to do so. Hence, any objection to the validity of the plea cannot be raised in this appeal. ***Id***. Likewise, since Appellant entered a negotiated guilty plea to a sentence that did not exceed the lawful maximum, he can raise no challenge to the propriety of the sentence imposed. ***Commonwealth v. Reichle***, 589 A.2d 1140 (Pa.Super. 1991). Hence, all issues are waived for purposes of direct appeal.

We do note that Appellant did not aver that he asked counsel to file a post-sentence motion, and Appellant is not automatically entitled to reinstatement of that privilege merely because he asked for a direct appeal. ***Commonwealth v. Liston***, 977 A.2d 1089, 1100 (Pa. 2009). While Appellant may contend that he received ineffective assistance in that counsel did not file such a motion, claims of ineffective assistance of counsel will not be entertained on direct appeal and must be deferred to collateral review absent certain circumstances that did not occur herein. ***Commonwealth v. Holmes***, 79 A.3d 562 (Pa. 2013); ***see generally Commonwealth v. Grant***, 813 A.2d 726, 738 (Pa. 2002).

There are no issues that can be raised in this appeal because none was preserved. Hence, our independent review confirms that this appeal is wholly frivolous.

The petition of Brianna M. Strope, Esquire, to withdraw as counsel is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/4/2014