J. A03044/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD CLARENCE POET, | : | |
| | : | |
| Appellant | : | No. 659 MDA 2014 |

Appeal from the Judgment of Sentence February 11, 2014
In the Court of Common Pleas of Cumberland County
Criminal Division No(s).: CP-21-CR-0001743-2013

BEFORE: MUNDY, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED FEBRUARY 12, 2015**

Appellant, Clarence Richard Poet, appeals from the judgment of sentence entered in the Cumberland County Court of Common Pleas after he pleaded guilty to two counts of sexual abuse of children[1] and one count each of corruption of minors[2] and indecent assault.[3] Appellant seeks review of the discretionary aspects of a negotiated, aggregate sentence of two to five years' imprisonment. No relief is due.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 6312(c),(d).

[2] 18 Pa.C.S. § 6301(a)(1)(i).

[3] 18 Pa.C.S. § 3126(a).

Appellant argues that "the court failed to meaningfully consider [his] advance age and poor long term medical prognosis." Appellant's Brief at 12. He avers he was seventy-nine years old when he took this appeal and "suffer[ed] from a myriad of health disorders including Coronary Artery Disease, Hypertension, Hyperlipidemia, and memory loss." *Id.* at 7. He states he is regularly taking six different medications and requires "considerable assistance with remembering normal daily activities." *Id.* at 7 n.2. He claims, "In light of [his] current health and advanced age and considering relevant factors including protection of the public and rehabilitative needs, the sentence imposed was unreasonably excessive." *Id.* He further contends it was unreasonable for the court to impose a standard range sentence under the circumstances. *Id.* at 11.

A defendant does not have an absolute right to challenge the discretionary aspects of his sentence on appeal. ***Commonwealth v. Ahmad***, 961 A.2d 884, 886 (Pa. Super. 2008). Rather, an appellate challenge to the discretionary aspects of a sentence is considered to be a petition for allowance of appeal. *Id.*; *see* 42 Pa.C.S. § 9781(b).

It is well settled that

> [w]here the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence. "If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to

> enter into such an agreement." Permitting a discretionary appeal following the entry of a negotiated plea[ ] would undermine the designs and goals of plea bargaining, and "would make a sham of the negotiated plea process[.]"

*Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991) (citations omitted); *accord Commonwealth v. Baney*, 860 A.2d 127, 131 (Pa. Super. 2004). We have summarily dismissed a defendant's challenge to the discretionary aspects of a sentence imposed pursuant to a plea agreement. *See Baney*, 860 A.2d at 132; *Reichle*, 589 A.2d at 1141.

As the trial court observed in the instant case: (1) Appellant negotiated the terms of his guilty plea; (2) the plea agreement called for a two-to-five year "state" sentence; (3) the court accepted the plea agreement; and (4) at sentencing, the court imposed the agreed-upon sentence. Trial Ct. Op., 7/23/14, at 7-8; *see* N.T., 10/28/13, at 2, 11-12; N.T., 2/11/14, at 52. Appellant did not challenge the validity of the plea proceedings or the legality of the sentence imposed, and did not move to withdraw his plea. Accordingly, in light of *Reichle*, we decline to grant allowance of appeal to review Appellant's discretionary aspects of sentencing claims. *See Reichle*, 589 A.2d at 1141.

Judgment of sentence affirmed.

J. A03044/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/2015