J-S54031-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| MICHAEL J. KELLY | |
| Appellant | No. 231 WDA 2017 |

Appeal from the Judgment of Sentence December 29, 2016
In the Court of Common Pleas of McKean County
Criminal Division at No(s): CP-42-CR-0000460-2016

BEFORE: OTT, MOULTON, and FITZGERALD,* JJ.

MEMORANDUM BY FITZGERALD, J.:            FILED: SEPTEMBER 29, 2017

Appellant, Michael J. Kelly, appeals from the judgment of sentence entered in the McKean County Court of Common Pleas. Appellant contends the court abused its discretion in determining that he was not eligible for the state motivational boot camp program. We affirm.

The facts are unnecessary for our disposition. On December 8, 2016, docketed December 13, 2016, Appellant entered into a negotiated guilty plea to robbery,[1] simple assault,[2] and theft by unlawful taking.[3]

---

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3701(a)(1)(iv).

[2] 18 Pa.C.S. § 2701(a)(1).

[3] 18 Pa.C.S. § 3921(a).

The guilty plea agreement provided:

> SENTENCE RECOMMENDATION: [Appellant] is to pay the costs of prosecution and:
>
> > Aggregate sentence of 22 months to 48 months plus two years consecutive probation;
> >
> > On Robbery: Incarceration of 22 months to 48 months plus two years consecutive probation;
> >
> > On Simple Assault: Incarceration of 6 month[s] to 18 months concurrent to sentence on Robbery; and
> >
> > On Theft: Incarceration of 6 months to 18 months concurrent to sentences at Count 2 and Count 5.

Guilty Plea Agreement, 12/13/16, at 1.[4] The agreement stated that "[t]his sentencing agreement is entered into voluntarily with full knowledge of the maximum and/or mandatory penalties which could be assessed for the crimes charged and with full understanding that the [c]ourt is not bound to accept the terms of the Agreement." Id.

At sentencing, counsel requested that Appellant be made boot camp eligible. N.T. Sentencing Hr'g, 12/29/16, at 6. The Commonwealth opposed the request. Id. at 7. The court denied the request for boot camp. Id. at 8, 11. On December 29, 2016, Appellant was sentenced to twenty-two to forty-

---

[4] Appellant was also charged with the following crimes: robbery, 18 Pa.C.S. § 3701(a)(1)(ii), two counts of criminal conspiracy/robbery, 18 Pa.C.S. § 903(a)(1), and receiving stolen property, 18 Pa.C.S. § 3925(a). These charges were dismissed.

eight months' incarceration[5] plus two years of consecutive probation with credit for time served of eighty-one days. This appeal followed. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and the trial court filed a responsive opinion.

Appellant raises the following issue for our review: "Did the sentencing [c]ourt abuse it's discretion in determining that Appellant was not eligible for the state motivational boot camp program, when he was otherwise statutorily eligible?" Appellant's Brief at 6.

Initially, we consider whether Appellant has waived any challenge to the discretionary aspect of his sentence. In Commonwealth v. Lincoln, 72 A.3d 606 (Pa. Super. 2013), this Court opined: "Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." Id. at 609 (citation omitted). "Where the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence." Commonwealth v. Reichle, 589 A.2d 1140, 1141 (Pa. Super. 1991); see also Commonwealth v. Baney,

---

[5] We note that at sentencing, in response to the court's inquiry as to its position on boot camp eligibility, the Commonwealth misstated the sentence recommendation for robbery in the Guilty Plea Agreement. "When we wrote the guideline range we were considering that the range was 18 to 24 and the Plea Agreement was written accordingly. So, if he were to get boot camp it would be a large reduction in the sentence that was not envisioned in the Plea Agreement." N.T. Sentencing Hr'g, 12/29/16, at 7.

860 A.2d 127, 131 (Pa. Super. 2004) (holding a defendant "having entered a valid negotiated guilty plea, . . . cannot challenge the discretionary aspects of his sentence") (citation omitted)).  We have long recognized

> [i]f either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement. Permitting a discretionary appeal following the entry of a negotiated plea would undermine the designs and goals of plea bargaining, and would make a sham of the negotiated plea process.

Reichle, 589 A.2d at 1141 (citations, quotation marks, and footnote omitted).

Appellant entered a negotiated guilty plea that included a negotiated sentence.  The court accepted the plea and Appellant received the negotiated sentence.  See Baney, 860 A.2d at 131; Reichle, 589 A.2d at 1141. Therefore, he waived any challenge to the discretionary aspect of his sentence.  See Lincoln, 72 A.3d at 609.  Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/29/2017