J-S05011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DESIREE L. TIPPING | : | |
| | : | |
| Appellant | : | No. 891 WDA 2018 |

Appeal from the Judgment of Sentence March 21, 2018
In the Court of Common Pleas of Potter County
Criminal Division at No(s): CP-53-CR-0000147-2016

BEFORE: PANELLA, P.J., NICHOLS, J., and STRASSBURGER[*], J.

MEMORANDUM BY PANELLA, P.J.: **FILED AUGUST 23, 2019**

Desiree L. Tipping appeals from the judgment of sentence entered in the Potter County Court of Common Pleas following her guilty plea to providing heroin laced with fentanyl resulting in the victim's death. Tipping challenges the discretionary aspects of her sentence. We affirm.

In exchange for her plea, the Commonwealth *nolle prossed* additional charges and agreed to a minimum sentence of 60 months or less. The trial court sentenced Tipping to 60 to 120 months' imprisonment pursuant to this agreement. On March 26, 2018, Tipping filed a motion for reconsideration of sentence, which the court denied. This appeal follows.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On appeal, Tipping raises several challenges to the discretionary aspects of her sentence. Specifically, Tipping argues that the trial court failed to articulate individualized reasons to support the sentence imposed and that the sentence is manifestly excessive sentence in light of the plea agreement. *See* Appellant's Brief, at 4, 19.

"Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *See Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991). "The determination of whether discretionary aspects of sentencing may be challenged after a guilty plea is entered depends upon the actual terms of the plea bargain, specifically, to what degree a sentence agreement has been reached." *See Commonwealth v. Dalberto*, 648 A.2d 16, 18.

Where the plea agreement provides specific penalties, an appeal from a discretionary sentence will not stand; however, where the plea agreement provides for no sentencing restrictions, the entry of a guilty plea will not preclude a challenge to the discretionary aspects of sentencing. *See id*., at 20. When the plea agreement falls somewhere between a negotiated plea and an open plea, we must determine the effect of the hybrid plea agreement on the right to challenge the discretionary aspects of his sentence. *See id*., at 21. Therefore, Tipping may only challenge the discretionary aspects of the

sentence that were not the subject of her agreement with the Commonwealth. *See id*.

Furthermore, "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted).

> Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[A.] § 9781(b).

***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*) (citation omitted).

Tipping has complied with the technical requirements to present her challenge to the discretionary aspects of her sentence. We therefore assess whether she has raised a substantial question.

Initially, we note that Tipping received a sentence in compliance with her guilty plea. Tipping pled guilty to a single count of drug delivery resulting in death in exchange for the Commonwealth dropping her charges of possession with intent to deliver heroin and criminal use of a communication

facility.[1] ***See*** Plea Agreement, 2/5/18, at 1-2. Further, the Commonwealth made a binding recommendation that the "minimum [] not exceed 60 months' incarceration[.]" ***Id***., at 2. The PSI revealed that 60 months fell at the lower end of the standard range sentences. Tipping indicated that she understood the agreed-upon sentence, and that she was voluntarily, knowingly, and intelligently pleading guilty. ***See*** Guilty Plea, 2/5/18 at 1-3.

In her first challenge, Tipping contends that the terms of the plea agreement shifts the sentencing guidelines. Specifically, Tipping contends that, because 60 months is the newly agreed upon maximum minimum sentence, 60 months essentially becomes an aggravated-range sentence. Neither case law nor the record is cited in support of this contention. Moreover, even if we assume this argument raises a substantial question, we conclude it conflicts with law as set forth in ***Dalberto***. Tipping's argument does not merit any relief.

Next, Tipping claims that the sentencing court failed to consider mitigating factors, such as her crime free background, cooperation with authorities, or status as a mother, at sentencing. Once again, even if we determine this argument raises a substantial question, we discern no abuse of discretion in the court's decision not to impose a minimum sentence of less than sixty months.

_____

[1] 35 Pa.C.S.A. § 780-113(A)(30) and 18 Pa.C.S.A. § 7512(a), respectively.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 731 (Pa. Super. 2015) "Where the sentencing court had the benefit of a presentence investigation report ('PSI'), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) (internal citations and quotations omitted). Additionally, this court may not reweigh factors considered by the sentencing court to arrive at a different conclusion. ***See Commonwealth v. Walls***, 592 Pa. 557, 573, 926 A.2d 957, 966 (2007).

The record does not support Tipping's argument. Tipping presented multiple character witnesses at sentencing, all testifying to her status as a single mother and crime free history. Additionally, sentencing court had the aid of a PSI. The court expressly considered these potentially mitigating factors yet refused to weight them heavily. ***See*** N.T., Sentencing, 6/21/18 at 32. This court may not reweigh factors for the sentencing court. As such, we find that the sentencing court did not abuse its discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2019