J-S73043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER ROBERT HUSHELPECK, | : | |
| Appellant | : | No. 334 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 16, 2019
in the Court of Common Pleas of Lebanon County
Criminal Division at No(s):  CP-38-CR-0001100-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER ROBERT HUSHELPECK | : | |
| Appellant | : | No. 1022 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 16, 2019
in the Court of Common Pleas of Lebanon County
Criminal Division at No(s):  CP-38-CR-0000903-2018

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:　　　　　**FILED FEBRUARY 26, 2020**

Christopher Robert Hushelpeck ("Hushelpeck") appeals from the judgments of sentence entered following his guilty pleas to burglary, criminal trespass and theft by unlawful taking,[1] at trial court docket number 903-2018

---

[1] **See** 18 Pa.C.S.A. §§ 3502(a)(1)(ii), 3503(a)(1)(i), 3921(a).

("No. 903"), and possession of controlled substances and possession of drug paraphernalia[2] at trial court docket number 1100-2018 ("No. 1100"). We affirm.

On April 8, 2018, at about 7:30 a.m., Hushelpeck entered a residence located at 513 Jonestown Road, in Union Township. The home was owned by Hushelpeck's father-in-law. Present inside the home were Hushelpeck's wife and two nine-year-old daughters. Two weeks prior, Hushelpeck had been thrown out of the home and was not permitted inside of the residence. Upon entering the home, Hushelpeck proceeded to remove $100 from two mason jars, which contained his daughters' allowance. Hushelpeck then left the residence. Hushelpeck's wife reported the incident to police. Charges subsequently were filed against Hushelpeck related to the burglary.

On May 18, 2018, Pennsylvania State Troopers served Hushelpeck with an arrest warrant at Hushelpeck's place of employment. Because Hushelpeck was to be transported in a State Police vehicle, the troopers asked Hushelpeck whether he possessed any sharp objects on his person. Hushelpeck responded in the affirmative, and removed two syringes from his pocket. Upon searching Hushelpeck, the troopers discovered three wax paper baggies, which, Hushelpeck indicated, contained heroin. Hushelpeck subsequently was

---

[2] **See** 35 P.S. § 780-113(a)(16), (32).

charged with possession of a controlled substance and possession of drug paraphernalia.

In its Opinion, the trial court described what next transpired as follows:

On December 17, 2018, [Hushelpeck] entered a plea of guilty [at No. 903] before the [the trial court]. His plea included both a written and a verbal colloquy during which [Hushelpeck] indicated that he understood his charges and that he was acknowledging that he was guilty of them. On December 4, 2018, [Hushelpeck had] entered a separate plea of guilty … [at No. 1100]. Once again, [Hushelpeck] submitted a written plea form and answered questions posed by [the trial court] in an appropriate fashion.

During the guilty plea proceedings, the parties were under the mistaken belief that the bottom of [Hushelpeck's] standard sentencing range [for his burglary conviction, with his prior record score,] was twenty-one (21) months. Accordingly, the plea agreement that called for a sentence at the bottom of the standard range was communicated to [Hushelpeck] as requiring a twenty-one (21) month minimum sentence.

Prior to sentencing, the District Attorney and [Hushelpeck's] attorney realized that they had made a mistake regarding the sentencing ranges. That mistake was communicated to [the trial court] <u>before</u> [Hushelpeck's] sentence was to be imposed….

\* \* \*

During the subsequent Sentencing Hearing … [Hushelpeck's] attorney stated[,] in [Hushelpeck's] presence[,] the following:

[Hushelpeck's counsel]: [At No. 1100], as we discussed, there is an issue with the ranges. Originally, the plea was for 21 months. However, because of a discrepancy with the ranges, it was actually 48 to 60 months. I did speak with my client prior to sentencing. At that time, he said he wanted to go ahead with the 48 months that is now being offered. He had some questions today in [c]ourt. Initially, I thought we were going to request a continuance to get more time to think about it. As I came up here for sentencing and spoke to him,

he said he wanted to go ahead with the plea. So that is what we are doing.

We just ask that [the court] accept the plea for the 48 months, and we ask that you run the drug charge concurrent with that.

Less than thirty (30) seconds later, [Hushelpeck] was offered the chance to speak. He stated[,] "I have nothing to say." Thereafter, [the court] imposed the exact same four (4) to eight (8) year sentence that [Hushelpeck's] counsel [had] asked [it] to impose.

[Hushelpeck] appealed [the court's] judgment[s] of sentence.[3] At this point, the record is clouded with confusion. Apparently, the Lebanon County Clerk of Courts *sua sponte* changed the docket number on one of [Hushelpeck's] filings from [No. 1100] to [No. 903]. This created a cascade of events that eventually caused [the trial court to] pull and review both files.[4] In an effort to clear up confusion and preserve everyone's ability to submit their substantive arguments, [the trial court] issued an Order on March 26, 2019. [The court] declared [Hushelpeck's] [a]ppeals on both pending dockets to have been filed in a timely fashion. [The trial court] re-appointed the Public Defender with additional time to submit [s]tatements of [e]rrors [c]omplained of on [a]ppeal. Because the confusion surrounding [Hushelpeck's] appeal efforts was caused[,] in part[,] by the mistake of the

_____

[3] In its March 12, 2019 Order, the trial court indicated that the Lebanon County Clerk of Courts had misplaced Hushelpeck's Notice of Appeal at No. 903. Further, the court observed that the Notice of Appeal filed at No. 1100 is also missing from the certified record. However, the trial court acknowledged the agreement of the Commonwealth and Hushelpeck's counsel that the "[a]ppeal papers were[,] in fact[,] filed." Trial Court Order, 3/12/19, at 2. Accordingly, we conclude that the requirements of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), have been met. **See id.** at 977 (holding that quashal is required where litigants fail to file separate notices of appeal from an order resolving issues on more than one docket number).

[4] In its March 12, 2019, Order, the trial court additionally stated that on February 22, 2019, Hushelpeck's counsel filed a Motion to Withdraw his appearance at both docket numbers, representing that no appeals had been filed. The trial court initially had granted the Motion.

Lebanon County Clerk of Courts, [the trial court asked] the Pennsylvania Superior Court to honor [the trial court's] Order of March 26, 2019[,] and substantively address [Hushelpeck's] current arguments….

Trial Court Opinion, 5/1/19, at 1-5 (citations omitted, footnote added).

Hushelpeck presents the following claims for our review:

I. Should [Hushelpeck] be allowed to withdraw his guilty plea because it was not entered knowingly, intelligently, and voluntarily?

II. Should [Hushelpeck's] sentence be modified to a lesser period of incarceration because the sentence was excessive?

Brief of Appellant at 4.

Hushelpeck first claims that his guilty plea was not knowingly, intelligently and voluntarily entered. *Id.* at 10. Hushelpeck argues that his negotiated guilty plea at No. 1100 was for a 21-month sentence. *Id.* at 11. According to Hushelpeck, "due to different ranges in the presentence investigation report[,] Hushelpeck was sentenced to a forty-eight (48) month minimum sentence." *Id.*

In its Opinion, the trial court discussed the relevant law, and concluded that Hushelpeck's plea was knowingly, intelligently and voluntarily tendered. *See* Trial Court Opinion, 5/1/19, at 5-10. We agree with the sound reasoning of the trial court, as set forth in its Opinion, and affirm on the basis of the trial court's Opinion with regard to this claim. *See id.*

In his second claim, Hushelpeck challenges the discretionary aspects of his sentence. *See* Brief for Appellant at 9. "A challenge to the discretionary

aspects of sentencing is not automatically reviewable as a matter of right." ***Commonwealth v. Grays***, 167 A.3d 793, 815 (Pa. Super. 2017).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine[] (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Our review discloses that the trial court sentenced Hushelpeck, at both docket numbers, on January 16, 2019. The record further reflects that at both docket numbers, Hushelpeck filed *pro se* Notices of Appeal on February 14, 2019. Hushelpeck timely filed counseled Notices of Appeal on February 15, 2019. Hushelpeck filed *pro se* Motions to Modify Sentence, at both docket numbers, on March 13, 2019. In his *pro se* Motions, Hushelpeck stated that his original plea agreement specified a minimum sentence, at No. 1100, of 21 months, and that the agreement was "pulled" less than 24 hours before sentencing, at the request of the district attorney. *Pro Se* Post-Sentence Motion, 3/13/19. Hushelpeck's *pro se* Motion did not claim that the sentence was excessive. No counseled post-sentence motion was filed, and the trial court did not address this claim in its Opinion.

Thus, it appears that Hushelpeck filed his *pro se* post-sentence Motion *after* filing his Notice of Appeal, and did not raise his challenge to the sentence as excessive in that Motion. On this basis, we conclude that Hushelpeck failed invoke this Court's jurisdiction to review his challenge to the discretionary aspects of his sentence. *See* Pa.R.A.P. 302(a) (stating that an issue cannot be raised for the first time on appeal); **Commonwealth v. Wrecks**, 931 A.2d 717, 719 (Pa. Super. 2007) (stating that "[a]n untimely post-sentence motion does not preserve issues for appeal." (citation omitted)); **Commonwealth v. Reid**, 642 A.2d 453 (Pa. 1994) (explaining that hybrid representation is improper).

Further, "[w]here the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence." **Commonwealth v. Reichle**, 589 A.2d 1140, 1141 (Pa. Super. 1991). For that reason as well, we cannot grant Hushelpeck relief on his claim.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/26/2020