J-A21008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN CLEMENT | : | |
| | : | |
| Appellant | : | No. 1846 EDA 2019 |

Appeal from the Judgment of Sentence Entered May 29, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0004551-2018

BEFORE:  LAZARUS, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    Filed: December 3, 2020

John Clement appeals from the judgment of sentence, imposed in the Court of Common Pleas of Montgomery County, after he entered a negotiated guilty plea to two counts of accidents involving damage to attended vehicle or property.[1]  The court sentenced Clement to an aggregate term of 1½ years of probation, plus the costs of prosecution, $500.00 in restitution, and a monthly $25.00 offender supervision fee.  After careful review, we affirm.

On April 20, 2018, Clement struck and damaged several vehicles traveling along Route 309 in Montgomery County, allegedly as a result of his van sustaining a flat tire.  After Clement failed to remain at or return to the accident scenes, he was later located by police at a nearby shopping center where he was changing his flat tire.  Clement was ultimately charged with the

---

[1] 75 Pa.C.S. § 3743.

above-stated offense and related minor offenses. On May 29, 2019, the court held a guilty plea hearing where Clement testified that his sole source of income was $740/month in Supplementary Security Disability Income (SSDI),[2] that he was currently homeless, and that he was living in his van. N.T. Negotiated Guilty Plea Hearing, 5/29/19, at 6. Clement's fixed, monthly expenses included car insurance ($100/month), which is automatically deducted from his SSDI account, cell phone expenses (roughly $66/month), and a gym membership ($28/month).[3] Finally, Clement testified that it would be difficult for him to pay court costs. *Id.* at 7.

At the conclusion of Clement's direct examination, defense counsel moved to waive the costs of prosecution. In denying this request, the court stated the following while imposing its sentence:

> Under Count 1, the defendant is sentenced to probation for a period of one year in the custody of the Montgomery County Adult Probation Department to date from today, May 29, 2019.
>
> There's a $500 restitution, which is payable to [the victim].
>
> **I am going to deny the defendant's request that costs be waived. He is already getting a good deal by not spending a month in jail.**
>
> **Under Count 2, the defendant is sentenced to six months' probation and costs**. And that shall run consecutive to the probation imposed on Count 1.

---

[2] Clement alleged that he has a disabled leg.

[3] Clement testified that he belongs to a gym so he "can shower . . . and do a little physical therapy . . . per [his] prosthetic operator." N.T. Negotiated Guilty Plea Hearing, 5/29/19, at 7.

> The defendant is also ordered to comply with all conditions of probation imposed by the Montgomery County Adult Probation Department and all terms of supervision.
>
> **The defendant has to pay the monthly offender supervision fee.**

*Id.* at 14-15 (emphasis added).

Clement entered a negotiated guilty plea to two counts of accident involving damage to attended vehicle or property, a third-degree misdemeanor; the court *nol prossed* the summary offense of duty to give information and render aid.[4]  Clement was sentenced to a one-year term of probation (on Count 1) and a consecutive term of six months of probation (on Count 2), $500.00 in restitution, costs of prosecution, and a $25.00 monthly offender supervision fee.[5]  The court noted that the sentence was in the mitigated range because "the victims are on board with th[e] agreement [and the Commonwealth agreed to the deal] "due to [Clement's] financial situation and physical conditions." *Id.* at 3-4.

Clement timely filed post-sentence motions seeking modification of his sentence on the grounds that:  (1) the imposition of costs and fees should be waived where a defendant is indigent; (2) costs should only be imposed if a

---

[4] 75 Pa.C.S. § 3744.

[5] In addition to costs, a court can impose, as a condition of supervision, a monthly fee for administrative expenses attendant to offender supervision programs.  ***Commonwealth v. Nicely***, 638 A.2d 213 (Pa. 1994).  The fee applies to offenders who have been placed under the supervision of a county probation department or the Pennsylvania Board of Probation and Parole. ***See*** 37 Pa. Code § 68.21 (Imposition of Condition); ***see also*** 18 P.S. § 11.1102(c) (Costs for offender supervision programs).

defendant is financially able to pay; (3) a defendant cannot afford to pay court costs if he or she is unable to afford to meet his or her basic life needs; and (4) if a person is in poverty, it follows that they are unable to pay costs. Defendant's Post-Sentence Motions, 6/6/19, at 2-3. On June 10, 2019, the trial court granted, in part, Clement's post-sentence motions; the court waived all costs, but noted that Clement "is still obligated to pay the offender supervision fee." Order, 6/10/19.

Clement filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He presents the following issues for our consideration:

(1) Whether the trial court erred when it relied on the favorable terms of [] Clement's plea agreement as a basis for denying, in part, his motion to waive costs, [] when the record could only support the conclusion that [] Clement lacked the ability to pay the costs.

(2) Whether the trial court erred in imposing any costs at sentencing, absent evidence of [] Clement's ability to pay.

Appellant's Amended Brief, at 3.[6]

We first note that a negotiated guilty plea contains an agreement with regard to both the charges to be brought and the specific penalties to be imposed upon a defendant. **See Commonwealth v. Porreca**, 567 A.2d 1044, 1047 (Pa. Super. 1989), *rev'd on other grounds*, 595 A.2d 23 (Pa. 1991). When a negotiated sentence is accepted and imposed by the

---

[6] On April 27, 2020, our Court granted Clement's application to amend his appellate brief.

sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence. *Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991). A plea of guilty generally amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea. *Id.*

Generally, a claim that a court lacks authority to impose costs constitutes a challenge to the legality of the sentence. *Commonwealth v. Garzone*, 993 A.2d 306 (Pa. Super. 2010), *aff'd*, 34 A.3d 67 (Pa. 2102). Here, however, Clement "challenges the discretionary amount of costs the sentencing court imposed because the court relied on impermissible factors and because the amount was unsupported and excessive in light of the record." Appellant's Amended Brief, at 1; *see id.* at i ("The [t]rial [c]ourt [a]bused its [d]iscretion in [c]harging Mr. Clement with the [c]osts of the [o]ffender-[s]upervision [f]ee.").[7] Accordingly, we interpret Clement's challenge as one attacking the court's discretion to impose the supervision fee and not its legal authority to do so. However, because Clement has entered

---

[7] Clement states that the appropriate standard of review in this case where there is "an unreasonable sentence is [an] abuse of discretion. *See Commonwealth v. Walls*, 926 A.2d 957, 962 (Pa. 2007)." Appellant's Amended Brief, at 1.

a negotiated guilty plea, he has waived all defects concerning the discretionary aspect of his sentence. *Reichle*, *supra*.[8]

_____

[8] However, even if Clement's issues were not waived, he would not be entitled to relief on appeal. From the trial judge's above-quoted language at sentencing, *see supra* at 2-3, it is clear that the court originally denied waiver of the costs of prosecution, not the supervision fee, based upon its belief that Clement was "already getting a good [plea] deal." N.T. Negotiated Guilty Plea Hearing, 5/29/19, at 14. Thus, to the extent that Clement argues the court improperly refused to waive the supervision fee based upon his "getting a good deal," we find the argument meritless.

With regard to Clement's assertion that the trial court's "[i]mposi[tion of] costs [and fees]" was "unreasonable[,] excessive and a clear abuse of discretion" because he "is entirely unable to pay," Appellant's Amended Brief, at 10, we find he is entitled to no relief. First, we note that the court did, in fact, waive Clement's costs. *See supra* at 4. Thus, this argument is moot. Second, with regard to the imposition of supervision fees, we note that pursuant to 37 Pa. Code § 68.21:

> The sentencing judge of the court of common pleas **shall** impose upon an offender, as a condition of supervision, a monthly supervision fee **unless the court** or a supervising agency designated by the court **determines that it should be reduced, waived or deferred based upon one or more of the following criteria**:
>
>> (1) The offender is 62 years of age or older with no income.
>> (2) The offender is receiving public assistance.
>> (3) The offender is enrolled as a full-time student for 12 semester credit hours in an educational organization approved by the United States Department of Education.
>> (4) The offender is incarcerated.
>> (5) The offender is not employable due to a disability, as determined by an examination acceptable to or ordered by the court.
>> (6) The offender is responsible for the support of dependents and the payment of a supervision fee constitutes an undue hardship on the offender.

Judgment of sentence affirmed.


Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/3/20

---

> (7)   The client is participating in an inpatient treatment program.
> (8)  Other extenuating circumstances as determined by the court or a supervising agency designated by the court.

37 Pa. Code § 68.21 (emphasis added).  Moreover, under 18 P.S. § 11.1102, the offender supervision fee is mandatory "unless the court finds that the fee should be reduced, waived or deferred based on the offender's present inability to pay."  ***Id.*** at § 11.1102(c); ***see also*** § 11.1102(e)(1) ("the fee shall automatically become a part of the supervision conditions [of probation] . . .  unless the court [] makes a finding that the offender is presently unable to pay" based on enumerated six factors in section 11.1102(e)(2)(i-vi)).  Thus, while a court is *required* to impose the $25.00 fee upon a defendant who is placed under the supervision of a county probation department, a court *may* determine that due to a defendant's inability to pay the fee should be reduced, waived or deferred.  Notably, neither statute *requires* a court to first make a determination regarding a defendant's ability to pay before imposing the fee.  Merely because a court has the discretion to waive the fee, does not mean that it abuses its discretion if it chooses not to do so.  However, while the court did not choose to waive Clement's fee, it likely considered his homelessness, financial situation, and disability when waving his costs of prosecution.