J-S42018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GABRIEL ORTIZ | : | |
| | : | |
| Appellant | : | No. 3281 EDA 2019 |

Appeal from the Judgment of Sentence Entered August 25, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001019-2015,
CP-51-CR-0001019-2015

BEFORE:  PANELLA, P.J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    Filed: December 17, 2020

Appellant, Gabriel Ortiz, appeals from the judgment of sentence entered on August 25, 2017 in the Criminal Division of the Philadelphia County Court of Common Pleas.  We dismiss the appeal.

At approximately 7:52 p.m. on February 26, 2013, Appellant shot Miguel Gonzalez multiple times in the chest, back, and left leg.  Gonzalez subsequently died of his wounds.

On February 13, 2017, Appellant entered a guilty plea to third-degree murder, conspiracy to commit murder, and possessing an instrument of crime.[1]  Although the trial court described Appellant's plea as "open," it was subject to an agreement between the parties that Appellant's aggregate sentence would be capped at 15 to 30 years' imprisonment.  On August 25,

---

[1] 18 Pa.C.S.A. §§ 2502(c), 903, and 907(a), respectively.

2017, in accordance with the parties' agreement, the trial court sentenced Appellant to concurrent terms of 15 to 30 years' incarceration for third-degree murder and criminal conspiracy, as well as a concurrent term of two years of reporting probation for possessing an instrument of crime. The court directed these sentences to run concurrently to any other sentence Appellant was serving. On August 31, 2017, Appellant moved for reconsideration of his sentence, which the court denied on October 18, 2017.

Appellant filed a notice of appeal on November 17, 2017. On November 27, 2017, the trial court ordered Appellant to file and serve a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After several extensions, Appellant filed his concise statement on May 17, 2018. On June 14, 2018, the trial court issued its Pa.R.A.P 1925(a) opinion, explaining that the court complied with the dictates of 42 Pa.C.S.A. § 9721 and, more specifically, considered Appellant's mental illness and treatment history before imposing sentence. *See* Trial Court Opinion, 6/14/18, at 4–7.

Appellant alleges on appeal that the sentencing court failed to properly consider Appellant's mental illness in imposing its sentence in this case. In support of this claim, Appellant submitted a one-page argument baldly asserting that his sentence was manifestly unreasonable because the trial court acknowledged, but failed to consider, his mental illness. Appellant's submission neither refers to nor discusses with specificity the evidentiary record or the relevant pleadings, orders, and opinions that appear on the trial court's docket. *See* Pa.R.A.P. 2119 (points raised in arguments submitted

before Superior Court shall be addressed through discussion and citation of authorities as are deemed pertinent). Moreover, while Appellant challenges the discretionary aspects of his sentence, he neglected to include a concise statement of the reasons relied upon for allowance of his appeal, as required by Pa.R.A.P. 2119(f).[2] Because Appellant's threadbare and undeveloped argument omits discussion of relevant facts, issues, and pertinent authority, we deem it deficient and we further find that those deficiencies undermine meaningful appellate review. For these reasons, we dismiss this appeal.[3] *See*

_____

[2] The Commonwealth has not objected to this omission.

[3] Even if we undertook conventional appellate review, Appellant would not be entitled to relief. Appellant's argument is that the trial court inadequately considered his mental illness in fixing his sentence. Here, however, the parties agreed that the maximum aggregate sentence the court could impose was a term of 15 to 30 years' imprisonment. The court accepted this agreement and imposed an aggregate sentence of 15 to 30 years for third-degree murder, criminal conspiracy, and possessing an instrument of crime. Ordinarily, the law only permits a discretionary sentencing challenge to the aspects of a sentence which fall outside the scope of a plea agreement. *See Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991) (noting that "there is no authority to permit a challenge to the discretionary aspects of [a] sentence" where the appellant received what was promised under the terms of an agreement). Moreover, Appellant does not appear to make a showing that his claims constitute a substantial question in the sense that the sentencing court took action inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. *See Commonwealth v. Cannon*, 954 A.2d 1222, 1229 (Pa. Super. 2008). "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Id.* (citation omitted). Because Appellant received sentences within the standard range of the guidelines, "a review of the merits of the discretionary aspects of his sentence is not warranted." *Id.* Lastly, a review of the transcript from Appellant's sentencing hearing reveals that the trial

Pa.R.A.P. 2101 (briefs "shall conform in all material respects with the requirements of the [appellate rules]" and appeals shall be subject to dismissal where defects in an appellant's brief are substantial).

Appeal dismissed.

Judgment Entered.

_Joseph D. Seletyn, Esq._ (signature)

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/17/20

---

court reviewed a Social Security Disability opinion discussing Appellant's mental illness, a presentence investigation report, and an evaluation addressing Appellant's mental health. **See** N.T. Sentencing Hearing, 8/25/17, at 18. The court also explained that it considered the sentencing guidelines and gave due consideration to "every aspect of the requirements." **Id.** at 20. Hence, it does not appear that the trial court abused its discretion in imposing standard range sentences for Appellant's crimes.