J-S25029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HENRY REESE | : | |
| | : | |
| Appellant | : | No. 1311 WDA 2021 |

Appeal from the Judgment of Sentence Entered September 15, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0006281-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HENRY REESE | : | |
| | : | |
| Appellant | : | No. 1312 WDA 2021 |

Appeal from the Judgment of Sentence Entered September 15, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001400-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HENRY JERRELL REESE | : | |
| | : | |
| Appellant | : | No. 1313 WDA 2021 |

Appeal from the Judgment of Sentence Entered September 15, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0004707-2020

BEFORE:  BENDER, P.J.E., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:          **FILED: SEPTEMBER 29, 2022**

Appellant, Henry Reese, appeals from the September 15, 2021 judgment of sentence of 45 to 90 months' incarceration following his negotiated guilty pleas at three separate docket numbers to 26 counts of Theft By Deception—False Impression, 4 counts of Receiving Stolen Property, and 17 counts of Bad Checks.[1] Appellant challenges the discretionary aspects of his sentence. After careful review, we affirm.

The relevant facts and procedural history are as follows. At various times in 2019, Appellant perpetrated a scheme whereby he purchased cars from dealerships throughout Allegheny County and surrounding counties using checks from bank accounts he knew were either closed or contained insufficient funds.[2] Appellant then sold the vehicles for cash to friends and neighbors or traded them in to dealerships for different vehicles. After purchasing a vehicle from Appellant, several victims were arrested on suspicion of receiving stolen property. Numerous victims also suffered pecuniary loss when the vehicle they purchased from Appellant was returned to the dealership from which Appellant had stolen it.

---

[1] 18 Pa.C.S. §§ 3922(a)(1), 3925(a), and 4105(a)(1), respectively.

[2] Appellant purchased cars from 18 different dealerships and subsequently sold them to 18 victims.

The Commonwealth charged Appellant with numerous offenses arising from this scheme.[3] On June 23, 2021, Appellant entered negotiated guilty pleas to the above charges in exchange for which the Commonwealth withdrew many of the pending charges and agreed to a mitigated range sentence of 15 to 30 months' incarceration followed by probation for each case.[4] Most important to this appeal, the parties did not agree as to whether the sentences would run concurrently or consecutively.[5]

Appellant waived the pre-sentence investigation ("PSI") report. However, after reviewing the instant cases and 9 other cases for which Appellant was already serving probation, the court determined that it needed a PSI report to decide on an appropriate sentence.

Following its review of the PSI report, on September 15, 2021, the court accepted the parties' agreement that the three sentences would be for 15- to 30-months each and decided that the sentences should run consecutively. In imposing its sentence, the court considered, *inter alia*, Appellant's extensive prior criminal history dating back at least 30 years and spanning at least 3 states, his recidivism, the lack of substantive evidence supporting his self-

---

[3] The Commonwealth initially charged Appellant with a total of 85 separate offenses.

[4] N.T. Guilty Hr'g, 6/23/21, at 4.

[5] *Id.* at 4, 14. **See also** N.T. Sentencing Hr'g, 9/15/21, at 14 (where Appellant's counsel confirms that "it was up to the [c]ourt" whether to impose Appellant's sentences consecutively or concurrently."

reported claim of addiction and mental health problems, his current probation status, and the programs he completed while in jail.[6]  The court also ordered Appellant to pay nearly $24,000 in restitution to his victims.

On September 22, 2021, Appellant filed a post-sentence motion asserting that the trial court had abused its discretion in imposing consecutive sentences without considering his rehabilitative needs and acceptance of responsibility, the non-violent nature of his offenses, and his need for drug, alcohol, and mental health treatment.  On September 30, 2021, the trial court denied Appellant's motion.

This timely appeal followed.[7]  Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

Did the trial court fail to apply all relevant sentencing criteria, including the protection of the public, the gravity of the offense/violation, and [Appellant's] character and rehabilitative needs, as required by 42 Pa.C.S. § 9721(b) [], thus making [Appellant's] sentences excessive and unreasonable?

Appellant's Brief at 19.

In his Brief, Appellant avers that the trial court erred in imposing consecutive sentences, which is a challenge to the discretionary aspects of his sentence.  *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) ("Generally, Pennsylvania law affords the sentencing court discretion to

_____

[6] N.T. Sentencing Hr'g, 9/15/21, at 5-6, 10-11, 17-19.

[7] On November 24, 2021, this Court consolidated Appellant's appeals *sua sponte*.

- 4 -

impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed.") (quotation marks and citation omitted)); *Commonwealth v. Lloyd*, 878 A.2d 867, 873 (Pa. Super. 2005) (holding the imposition of consecutive sentences, rather than concurrent sentences, is within the sound discretion of the sentencing court).

"Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991). "[T]he determination of whether discretionary aspects of sentencing may be challenged after a guilty plea is entered depends upon the actual terms of the plea bargain, specifically, to what degree a sentence agreement has been reached." *Commonwealth v. Dalberto*, 648 A.2d 16, 18 (Pa. Super. 1994).

Where the plea agreement falls somewhere between a negotiated plea and an open plea, as occurred in the case *sub judice*, "our task is to determine the effect of this hybrid plea agreement on the right to challenge the discretionary aspects of a sentence." *Id.* at 21. In such circumstances, "we will allow an appeal only as to those discretionary aspects of sentencing which have not been agreed upon during the negotiation process." *Id.*

Instantly, Appellant's plea agreement gave the trial court the discretion to impose Appellant's sentences concurrently or consecutively. Thus, the fact that Appellant entered a guilty plea does not preclude him from seeking review

of this particular aspect of his sentence on appeal. Thus, we will consider whether the trial court abused its discretion in imposing consecutive sentences.

An appellant raising such a challenge to the discretionary aspects of a sentence is not entitled to review as of right; rather, a challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); ***Commonwealth v. Tuladziecki***, 522 A.2d 17, 18 (Pa. 1987); ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014).

In order to obtain this Court's review, an appellant challenging the discretionary aspects of his sentence must comply with the following requirements: (1) file a timely notice of appeal; (2) preserve the issue at sentencing or in a motion to reconsider and modify sentence; (3) include within his brief a concise statement of the reasons relied upon for allowance of appeal as required by Pa.R.A.P. 2119(f); and (4) raise a substantial question that the sentence is inappropriate under the Sentencing Code. ***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa. Super. 2013).

Appellant has preserved his challenge by filing a timely notice of appeal, a motion for reconsideration of sentence, and by including a Rule 2119(f) statement in his Brief to this Court. We, thus, proceed to consider whether Appellant has raised a substantial question for our review.

Whether an appellant has raised a substantial question regarding a discretionary aspect of the sentence is determined on a case-by-case basis. ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). "A

substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Id.** (citation and quotation marks omitted).

Here, Appellant asserts that he raised a substantial question by arguing that the court erred in ordering that his sentences run consecutively. In particular, Appellant argues that the trial court overemphasized his criminal history and failed to consider mitigating factors, including Appellant's completion of "a number of programs in order to become a productive, law-abiding member of society," the "aging out of crime" effect, and Appellant's character, mental health and substance abuse issues, and rehabilitative needs. **See** Appellant's Brief at 34-37.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Barnes**, 167 A.3d 110, 122 n.9 (Pa. Super. 2017) (*en banc*) (citation omitted). "A sentencing court has broad discretion in choosing the range of permissible confinements that best suits a particular defendant and the circumstances surrounding his crime." **Commonwealth v. Celestin**, 825 A.2d 670, 676 (Pa. Super. 2003) (citation omitted).

"[A] sentencing court generally has discretion to impose multiple sentences concurrently or consecutively, and a challenge to the exercise of

that discretion does not ordinarily raise a substantial question." ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014). However, an appellant may raise a substantial question when a sentencing court imposes consecutive sentences if the consecutive sentences result in an aggregate term of sentence that was manifestly excessive, and the sentencing court failed to consider mitigating factors. ***Commonwealth v. Horning***, 193 A.3d 411, 418 (Pa. Super. 2018) (citation omitted), ***see also Commonwealth v. Riggs***, 63 A.3d 780, 786 (Pa. Super. 2012) (Appellant raised a substantial question in claim that the sentencing court failed to consider rehabilitative needs before imposing consecutive sentences, resulting in an excessive aggregate sentence).

Appellant argues that he has presented a substantial question because the consecutive sentences are manifestly excessive, and the trial court failed to consider his rehabilitative needs, mental health, and substance abuse issues. We agree that Appellant has raised a substantial question and, therefore, will address the merits of his claim.

When reviewing a challenge to the discretionary aspects of a sentence, we will not disturb a sentence absent a manifest abuse of discretion. ***Commonwealth v. Ali***, 179 A.3d 742, 761 (Pa. Super. 2018). A sentencing court abuses its discretion not through a mere error in judgment. ***Id.*** "Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of impartiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable

decision." *Id.* (citation omitted). "The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Moury*, 992 A.2d at 170 (citation omitted).

The Sentencing Code requires the court to consider certain factors, including a defendant's rehabilitative needs, when determining a sentence. 42 Pa.C.S. § 9721(b).[8] It must also "make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* The weighing of these factors, however, is "exclusively for the sentencing court," and an appellate court cannot substitute its own judgment for the sentencing court's on appeal. *Commonwealth v. Bowen*, 975 A.2d 1120, 1123–24 (Pa. Super. 2009).

"Long standing precedent recognizes that the Sentencing Code affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Brown*, 249 A.3d 1206, 1212 (Pa. Super. 2021) (citation omitted). When imposing a series of consecutive sentences, a sentencing court need not separately explain its reasoning for each sentence, or directly address its decision to have the

---

[8] This statute also requires the sentencing court to consider the protection of the public, the gravity of the offense in relation to its impact on the victim and the community, and the sentencing guidelines. 42 Pa.C.S. § 9721(b).

sentences run consecutively. This Court has frequently held that a court satisfies its obligations under the Sentencing Code when it sets forth its general reasoning and consideration of the Section 9721(b) sentencing factors before imposing several consecutive sentences. *See*, *e.g.*, *id.* at 1217 (affirming sentence where "trial court fashioned an individualized sentence [by] taking into account all of the statutory factors" before announcing series of consecutive sentences), *Horning*, 193 A.3d at 419 (affirming sentence where "sentencing transcript reflects the trial court's consideration of the [statutory] sentencing standards" before announcing series of consecutive sentences).

When the sentencing court has the benefit of a PSI report, as here, we assume that it "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Moury*, 992 A.2d at 171 (citations omitted).

In its Rule 1925(a) Opinion, the sentencing court noted that it considered the PSI report, the sentencing guidelines, and Section 9721 sentencing factors prior to imposing Appellant's sentence. The court specifically observed that it considered Appellant's rehabilitative needs, the serious nature of the crimes, the impact of the crimes on the victims, and the risk Appellant posed to the community. Trial Ct. Op., 2/9/22, at 4. The court found that Appellant's self-reported claim of mental health and substance abuse problems lacked evidentiary support and was simply "yet another excuse to absolve himself of responsibility for criminal behavior." *Id.*

- 10 -

Acknowledging Appellant's "repeated returns to criminal enterprise[,]" the trial court concluded that "a substantial period of incarceration is required, both to protect the community from his criminal actions, and to recognize the significant impact his conduct has had on his victims." *Id.*

Our review of the record confirms that the trial court considered the relevant statutory factors, including Appellant's mental health, and drug and alcohol treatment and rehabilitative needs, before ordering Appellant's sentences to run consecutively. Moreover, we note that the trial court had the benefit of a PSI report and imposed mitigated range sentences for each of the three sentences. Thus, Appellant's claim that the trial court abused its discretion by imposing consecutive sentences lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2022